ON PETITION TO MODIFY ORDER OF SUSPENSION
En Banc:
ROY NOBLE LEE, Chief Justice,
for the Court:
Stanford Young has filed a petition with this Court to modify an order of suspension entered by the Court June 10, 1987, for a period of one (1) year. The facts of the case are reported in Mississippi State Bar v. Young, 509 So.2d 210 (Miss.1987), and will not be repeated here.
Young relies in part on Pitts v. Mississippi State Bar Ass’n, 462 So.2d 340 (Miss.1985), wherein the Court modified the suspension of one hundred eighty (180) days to thirty (30) days and a public reprimand. However, the modification was made on petition for rehearing and was not modified after final judgment had been entered. In the present matter, no petition for rehearing was filed and the judgment became final June 10, 1987. We have been cited to no source which can be regarded as authority for the entry of a modification on a final judgment of suspension which is involved here. See Mississippi Rules of Discipline Rule 29(a), providing that the Rules of Discipline supersede Mississippi Code Annotated § 73-3-335 (Supp.1987).
The petition to modify the order of suspension amounts to a petition for reinstatement. Under Mississippi Rules of Discipline Procedural Rule 12.4, “[a] suspended *324 attorney shall not file a petition for reinstatement until the expiration of the period of suspension.”
Procedural Rule 12.7 follows Procedural Rule 12.4 and provides:
All reinstatement petitions shall be addressed to the Court, shall state the cause or causes for suspension or disbarment, give the names and current addresses of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct, the making of full amends and restitution, the reasons justifying reinstatement, and the requisite moral character in legal learning to be reinstated to the privilege of practicing law. Upon filing, the petition shall be served on, and an investigatory fee of $500 shall be paid to the Bar, same to be in addition to any other sum due the Bar, or persons injured by the petitioner’s improper conduct. The matters set out in this paragraph shall be jurisdictional.
The relief sought by the petition is denied and the petition is dismissed.
PETITION TO MODIFY ORDER OF SUSPENSION DISMISSED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
SULLIVAN, J., not participating.