ANDERSON, Justice,
for the Court:
Billy R. Gibson and the Calhoun County Bar Association, petitioners, seek the reinstatement of Billy R. Gibson as an attorney in good standing in the Mississippi State Bar pursuant to Rule 25 and Rule 12.4 of the Rules of Discipline of the Mississippi State Bar and applicable sections of the Mississippi Code. Such authority to reinstate a disbarred attorney upon conditions rests in this Court. Phillips v. Mississippi State Bar, 427 So.2d 1380 (Miss.1983).
I.
Gibson was suspended from the practice of law on July 12,1985, for six months, and then transferred to disability inactive status due to a mental illness and excessive consumption of alcoholic beverages. The Tribunal found that Gibson:
1. engaged in illegal conduct involving moral turpitude, dishonesty, fraud, deceit and misrepresentation, conduct prejudicial to the administration of justice, and conduct adversely reflecting on his fitness to practice law;
2. withdrew from employment without notifying or taking the necessary steps to avoid prejudice to his client;
3. guaranteed financial assistance for expenses not payable by the client;
5. failed to carry out a contract of employment; and
6. violated his oath as an attorney by failing to demean himself with all good fidelity to his client.
II.
Gibson alleges: (1) that his manic depressive disorder is treatable; and (2) he now is receiving competent care and has effectuated a complete recovery from his problems. Letters of recommendations from his ex-wife, physicians, friends and attorneys, and a biographical data are attached to Gibson’s petition.
III.
An answer was filed by legal counsel for the Mississippi State Bar agreeing in the correctness of the facts of Gibson’s suspension and subsequent transfer to disability, inactive status; but asserting that it lacked sufficient information to admit or deny the allegations of his rehabilitation, and therefore denying the same, the State Bar suggested certain affirmative matters and requested the appointment of a Master Tribunal to hear and consider the issues of reinstatement.
IV.
Rule 12 of the Rules of Discipline for the Mississippi State Bar adopted September 7, *801 1983, effective from and after January 1, 1984, controls the procedure of this request. Rule 12 provides,, in pertinent part, as follows:
(12.8) Board of Bar Commissioners. Upon receipt of the reinstatement petition, the (Mississippi Supreme) Court shall allow the Board of Bar Commissioners a reasonable time to conduct an investigation and answer the petition. After filing of pleadings or notice on behalf of the Bar, the proceeding shall continue, if necessary or desirable, as the (Mississippi Supreme) Court may direct and the (Mississippi Supreme) Court, in its discretion, may grant or deny the petition as circumstances and justice require.
(12.9) Matters of public record. All petitions for reinstatement shall be matters of public record, Rule 15 notwithstanding.
Rule 12.5 of the Rules of Discipline provides that:
Examination Requirements. Subsequent to the time of eligibility for reinstatement, the petitioning attorney shall take the Multi-State Professional Responsibility Exam, as prepared by the National Conference of Bar Examiners, and achieve a scaled score of not less than 80, if the Complaint Tribunal determines, on a case by case basis, that good cause exists to require the applicant for reinstatement to take such test.
V.
This Court, therefore, determines that a Tribunal be convened to conduct a hearing on this petition filed by Billy R. Gibson and joined by the Calhoun County Bar Association. The Tribunal shall follow procedures, powers and duties of Rule 8 of the Rules of Discipline when applicable, with the exception that the petition for reinstatement and its request for relief be considered as such rather than the suspension or disbarment of an attorney. The petitioner is further required to waive his medical privilege. At the conclusion of the hearing the Tribunal shall advise this Court incorporating a finding of fact and its recommendation for the court’s final consideration.
PETITION FOR REINSTATEMENT REMANDED TO TRIBUNAL FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, PRATHER, SULLIVAN, GRIFFIN and ZUCCARO, JJ., concur.