PITTMAN, Justice,
for the Court:
Roosevelt Daniels, petitioner, seeks reinstatement as an attorney in good standing in the Mississippi State Bar pursuant to Rule 12.4 of the Rules of Discipline of the Mississippi State Bar and applicable sections of the Mississippi Code. Such authority to reinstate a suspended attorney upon condition rests in this Court. Burgin v. Mississippi State Bar, 453 So.2d 689 (Miss. 1984); Phillips v. Mississippi State Bar, 427 So.2d 1380 (Miss.1980).
I.
Daniels was suspended from the practice of law on November 25, 1987, for a period of six months. The Complaint Tribunal granted the State Bar’s Motion for Entry of Default on two complaints based on Daniels’ failure to appear and answer charges of: (1) neglect of a legal matter; (2) failure to seek the lawful objectives of the client; and (3) conduct adversely reflecting his ability to practice law.
II.
Daniels alleges: (1) that he has served the necessary six month suspension; (2) paid all costs and expenses associated with the two judgments rendered against him; (3) paid all necessary reinstatement fees along with investigation fees; and (4) has attended Continuing Legal Education workshops and is current with all requirements.
III.
Answers to Daniels’ petitions were filed by legal counsel for the Mississippi State Bar agreeing to the correctness of the facts of Daniels’ suspension and that he has paid all expenses and fees. The State Bar through its executive committee voted not to oppose Daniels’ Petitions for Reinstatement.
IV.
Rule 12 of the Rules of Discipline for the Mississippi State Bar adopted September 7, 1983, effective from and after January 1, 1984, controls reinstatement. Rule 12(a) states, “[n]o person suspended or disbarred shall be reinstated to the privilege of practicing law except upon petition to the Court.” Rule 12 further provides:
*967 (12.8) Board of Bar Commissioners. Upon receipt of the reinstatement petition, the (Mississippi Supreme) Court shall allow the Board of Bar Commissioners a reasonable time to conduct an investigation and answer the petition. After filing of pleadings or notice on behalf of the Bar, the proceeding shall continue, if necessary or desirable, as the (Mississippi Supreme) Court may direct and the (Mississippi Supreme) Court, in its discretion, may grant or deny the petition as circumstances and justice require.
V.
This Court, therefore determines that the Petitions for Reinstatement be granted and Roosevelt Daniels be returned to the ranks of the legal profession.
PETITIONS FOR REINSTATEMENT GRANTED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and BLASS, JJ., concur.