551 So.2d 910 (1989)
Terry M. HAIMES
v.
MISSISSIPPI STATE BAR.
No. 89-0815.
Supreme Court of Mississippi.
October 18, 1989.
*911 Paul M. Neville, Jackson, for petitioner.
Charles J. Mikhail, Jackson, for respondent.
En Banc.
ROBERTSON, Justice, for the Court:

I.
We are presented today with a suspended attorney's petition for reinstatement of his license to practice law. The matter requires that we consider both substantive and procedural standards we ought observe, once the period of suspension has expired.
We hold the attorney's showing adequate and order his reinstatement.

II.
On October 25, 1988, a Complaint Tribunal[1] entered an order that Terry M. Haimes, an attorney of Winston County, Mississippi, be suspended from the practice of law for a period of six months from that date. The grounds for the suspension were the Tribunal's findings that Haimes had failed to preserve the identity of client funds by placing them in an identifiable trust account and that he had appropriated client funds to his use purportedly in payment of a fee without advising his client to that effect. The judgment of suspension imposed certain conditions, namely that Haimes be enjoined from the practice of law during the period of the suspension, that he notify clients of the suspension and return their files, papers and property to them, and that he pay all costs. Haimes sought no review of the judgment of the Tribunal in this Court and it became final.
On July 14, 1989, Haimes filed his petition in this Court seeking reinstatement. See Rule 12(a), Rules of Discipline. In his petition he alleged that the six month time period had run and that he had complied with all conditions incident to the suspension. More specifically, Haimes alleged that the matter of a fee dispute between himself and his former client, Ms. Mamye Morris Hunt of San Diego, California, had been submitted to arbitration and that the arbitrator had, by award issued January 24, 1989, determined that Hunt owed Haimes a total fee of $2,157.70 and that Haimes was entitled to an attorney's lien against a sum of $1,338.73 which, according to Haimes, "was the same fund ... he had [been] found ... [to have] improperly handled."[2]
In addition, Haimes alleges that the effect of the arbitrator's award is that he has committed no mishandling of client funds, *912 and he urges that this Court reconsider the suspension order and, more importantly, the findings that he had committed disciplinary violations and vacate same.
At the request of the Court, the Mississippi State Bar on September 7, 1989, filed a response to the petition, making limited admissions, and in the end opposing reinstatement "on the grounds that [Haimes] has not presented sufficient evidence of requisite legal learning and requisite moral character, or any other reasons justifying reinstatement." No specifics are provided.

III.
A suspended attorney petitioning for reinstatement has the burden of proving his case, but the case he must prove is not the same or as great as that demanded of one who has been disbarred. Implicit in the judgment of suspension, stopping short of disbarment, is that the attorney's character has not been shown so deficient that proof of general moral and professional rehabilitation be required. Compare Mississippi State Bar v. Gautier, 538 So.2d 772, 775 (Miss. 1989); Phillips v. Mississippi State Bar, 427 So.2d 1380, 1382 (Miss. 1983).
The function of the reinstatement petition is to determine whether the attorney has complied with the terms of the suspension order and whether he has otherwise appropriately conducted himself. See Rule 12(b), Rules of Discipline; Daniels v. Mississippi State Bar, 549 So.2d 966 (Miss. 1989). Also for consideration is whether the attorney should submit to further examination before reinstatement. See Procedural Rule 12.5.
Mere completion of service of a period of sentence does not automatically entitle a suspended attorney to reinstatement. Put otherwise, in the case of a six-month suspension, the attorney has no authority on the first day following the expiration of the six-month period, to resume the practice of law. Rule 12(a), Rules of Discipline. Procedural Rule 12.2 provides:
A petition for reinstatement shall be required in all cases of suspension. In cases of suspension pending satisfaction of conditions precedent, reinstatement shall not be permitted except upon proof that the conditions have been met.
Procedural Rule 12.4 provides that the petition for reinstatement "may be filed immediately upon the attorney's meeting these conditions." See Mississippi State Bar v. Young, 523 So.2d 323, 324 (Miss. 1988).
The record before us establishes to our satisfaction that Haimes has performed all of the conditions imposed in the judgment of suspension of October 25, 1988. The arbitration proceeding satisfies any restitution requirement. Cf. Jennings v. Mississippi State Bar, 533 So.2d 443, 444 (Miss. 1988); Burgin v. Mississippi State Bar, 453 So.2d 689, 691 (Miss. 1984). The question presented is whether, in light of the Bar's opposition, Haimes is nevertheless entitled to reinstatement.
One thing is clear and that is that the conduct upon which the original suspension proceedings were had may not furnish grounds for denial of reinstatement. Whatever discipline was to be meted out for that conduct has surely been finally determined by the action of the Complaint Tribunal. There is no authority for imposing any additional punishment.
The Bar takes exception to Haimes' disclosure of the fee dispute arbitration proceedings citing the Rules of the Bar's Resolution of Fee Dispute Committee No. VIII.39 to the effect that the parties are "strictly enjoined to keep and maintain confidential all things concerning the matters concerning fee arbitration and proceedings thereon." While this rule of confidentiality is certainly one that ought be respected, we recognize and accept the propriety of Haimes advising the Court of the arbitration proceedings and the award incident to his petition for reinstatement. Although the judgment of suspension imposed no condition with regard to the fee dispute, it is certainly important that this Court before acting upon the petition for reinstatement be advised of what came of the fee dispute matter. See Procedural Rule 12.7.
We have given careful thought to the question whether we ought appoint a tribunal *913 or special master to conduct a hearing on the Bar's objection to reinstatement. See Gibson v. Mississippi State Bar, 531 So.2d 800, 801 (Miss. 1988). One obvious reality is that such a course would result in a not insignificant delay of time which would have the inevitable effect of converting Haimes' six-month suspension into one of well in excess of a year's duration. Moreover, the procedural rules require that upon the filing of a reinstatement petition, the Board of Bar Commissioners shall be allowed "a reasonable time to conduct an investigation and answer the petition." Mississippi State Bar v. Gautier, 538 So.2d 772, 774 (Miss. 1989). The Bar was served with the petition on July 14, 1989. When on September 7, 1989, the Bar filed its response, no specific grounds for denial of reinstatement were offered, only a vague and conclusory denial that Haimes has "presented sufficient evidence of requisite legal learning and requisite moral character, or any other reason justifying reinstatement" which, of course, tells us next to nothing.
This Court has ultimate responsibility for the discipline of members of the Mississippi State Bar and for assuring that only those who adhere to the profession's high ethical standards are permitted the privilege of providing legal services to the public. On the other hand, we may not wholly sacrifice on the altar of bar integrity one suspended who thereafter complies with our rules regarding the conditions of suspension and the procedure for reinstatement. Where such a person petitions for reinstatement, the Bar is allowed a reasonable time for response, but the Bar at the same time has a responsibility to proceed with diligence and dispatch and detail. If there be substantial reasons (unrelated to the conduct for which the suspension was originally imposed) why the suspended attorney should not be reinstated, it is incumbent upon the Bar to advise this Court of those facts with specificity so that this Court might determine whether a proper balancing of the relevant interests requires appointment of a master for an evidentiary hearing on the reinstatement request.
Without further ado, we order that Terry M. Haimes' Petition for Reinstatement be granted. That the suspension heretofore imposed upon his license to practice law shall be and it hereby is lifted, effective immediately. See Daniels v. Mississippi State Bar, supra.

IV.
Haimes also petitions for revocation of the original finding of the Complaint Tribunal that he violated the Disciplinary Rules regarding the fee matter with Ms. Mamye Morris Hunt. He cites in support the arbitration award which, in his view, suggests that the Complaint Tribunal was in error. Generally speaking, an arbitration award imports no view on the merits. Arbitration is a dispute resolution mechanism designed to effect settlements and not adjudications. See Craig v. Barber, 524 So.2d 974 (Miss. 1988).
While there can be no doubt that in a proper case the Court may reconsider the original grounds for a suspension and vacate same, we decline to do so in this case. We note particularly that, following the judgment of suspension of October 25, 1988, Haimes took no appeal to this Court. Moreover, the arbitration award, accepting arguendo Haimes' interpretation of it, hardly eviscerates the Tribunal's finding that Haimes failed to preserve the identity of client funds by placing them in an identifiable trust account.
PETITION OF TERRY M. HAIMES FOR REINSTATEMENT AS A MEMBER OF THE MISSISSIPPI STATE BAR GRANTED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
NOTES
[1] See Rule 8, Rules of Discipline of Mississippi State Bar (hereinafter "Rules of Discipline").
[2] The arbitration proceeding was styled In the Matter of the Arbitration Between Mamye Morris Hunt, Acting for Herself and as Agent for Fred Morris, Clifton Morris, and Mable Reed, and Terry M. Haimes, Case No. 87-15 of the Mississippi State Bar Resolution of Fee Disputes Committee. The award of arbitrator issued on January 24, 1989, was by Lawrence W. Rabb, Arbitrator.