653 So.2d 928 (1995)
In re PETITION OF Roger W. MATHES for Reinstatement to the Practice of Law.
No. 94-BR-01208-SCT.
Supreme Court of Mississippi.
April 6, 1995.
Roger Mathes, pro se.
Charles J. Mikhail, State Bar, Michael B. Martz, Jackson, for appellee.
En Banc.
ROBERTS, Justice, for the Court:

INTRODUCTION
Attorney Roger Mathes accepted $1,215.52 in fees from two bankruptcy clients, without first petitioning the bankruptcy court for approval of such compensation as required under 11 U.S.C. § 327 et seq. and Federal Rule of Bankruptcy Procedure 2016. Mathes later signed a court order agreeing to tender the $1215.52 to the Chapter 7 Trustee within 90 days. A judgment in that amount was entered against him six months later.
The Mississippi Bar's Formal Complaint against Mathes charged him with violations of Mississippi Rule of Professional Conduct 1.15(b) (concerning notification and delivery of property to clients or third persons); Rule 3.4(c) (concerning obedience to tribunal rules); and Rule 8.4 (concerning violation of the rules of professional conduct, and conduct involving dishonesty, fraud, deceit or misrepresentation).
At the Complaint Tribunal hearing, stipulations reached by Mathes and the Bar were entered, including an admission by Mathes that he had repeatedly represented that he would comply with the court order he signed. Mathes' answers as to why he had not paid the sum were evasive. The Tribunal suspended Mathes from the practice of law for one year.
Subsequently however, Roger Mathes' suspension from the practice of law was reduced to six months pursuant to Mathes v. The Mississippi Bar, 637 So.2d 840, 849 (Miss. 1994). It was further ordered that Mathes comply with the conditions of the January 11, 1991, judgment against him requiring him to pay back the $1,215.52 plus interest.
The six months have passed without any other professional complaints or illegal charges/accusations against Mr. Mathes. He now seeks reinstatement to practice law. The Mississippi Bar verifies that he has been suspended for six months, that he has paid the money back to the Trustee and to the Bar for the expenses, and that there are no other persons, parties, firms or legal entities *929 presently suffering a pecuniary loss due to his improper conduct.

FACTS
Mathes was suspended from practicing law on June 2, 1994, by order of the Court in Mathes v. The Mississippi Bar, 637 So.2d 840, 849 (Miss. 1994). As a condition to reinstatement, the Court ordered him to make full amends under the January 11, 1991, judgment against him requiring him to pay back the $1,215.52 plus interest.
Accompanying his petition were copies of checks made out to the Chapter 7 Trustee and to the Mississippi Bar. The Chapter 7 Trustee received $1,548.82 which included the principal and interest. The Bar received $436.39. to compensate it for court costs and expenses. On December 17, 1994, Mathes amended his petition to include the letters of the Leflore County Chancery and Circuit Clerks, his present employer for whom he has worked since the suspension, and seventeen attorneys from the Leflore County Bar. All aforementioned letters were in support of his reinstatement.
Mathes states that he has conducted himself in every manner possible since the suspension to demonstrate that he possesses the requisite moral character to be reinstated. Mathes also contends that he possesses the requisite legal learning to be reinstated because he kept current in the areas of law in which he previously practiced and intends to resume upon being reinstated. Mathes was deposed on December 29, 1994, by the Bar. His deposition indicates that he has spent at least two to three days per week for one to two and a half hours each time in the county law library studying the current state of the law. He further alleges that he will be a good member of the Bar when reinstated.

DISCUSSION OF ISSUE

WHETHER ROGER MATHES HAS COMPLIED WITH ALL NECESSARY REQUIREMENTS FOR REINSTATEMENT TO PRACTICE LAW
The Court's fundamental inquiry is whether Mathes has rehabilitated himself in conduct and character since the suspension was imposed. Haimes v. Mississippi State Bar, 551 So.2d 910, 912 (Miss. 1989). There are certain jurisdictional requirements that must be met. They are:
(1) Each petitioner must include a list of names and addresses of persons, parties, firms, or legal entities who suffered pecuniary loss due to the attorney's misconduct;
(2) There must be a showing that the petitioner has made full amends and restitution or a statement to the effect that full amends and restitution is not appropriate or has been imposed;
(3) The petitioner must show that he has the requisite moral character to be reinstated; and,
(4) The petitioner must show that he has the requisite legal learning to be reinstated to the privilege of practicing law.
Mississippi Rules of Discipline 12.5; Burgin v. Mississippi State Bar, 453 So.2d 689, 691 (Miss. 1984)
Requirements 1 & 2 above have clearly been met as verified by the Bar and the submitted cancelled checks. See In re the Matter Of the Reinstatement to Practice Law of Douglass Talmadge Baker, 649 So.2d 850 (Miss. 1995). Mathes testified in his deposition that he kept current with the law, spent many hours in the library and has been working for American Lenders Service Co. providing credit reports. He submits that this meets the fourth requirement. The third requirement is also submitted as having been met as evidenced by his testimony and the letters from his colleagues and judicial staff in his area. We find that he has also met the third and fourth requirement, and grant his request for reinstatement.

CONCLUSION
Mathes has met all of the needed requirements to be reinstated to practice law in the state of Mississippi. Accordingly, Mathes is reinstated.
PETITION TO REINSTATE ROGER W. MATHES TO THE PRACTICE OF LAW IS GRANTED EFFECTIVE IMMEDIATELY.
*930 HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, McRAE and SMITH, JJ., concur.