722 So.2d 662 (1998)
In re Petition of James C. STEELE for Reinstatement to Practice Law.
No. 98-BR-00422-SCT.
Supreme Court of Mississippi.
October 29, 1998.
*663 Lisa Collums, Gulfport, Attorney for petitioner.
Michael B. Martz, Jackson, Attorney for respondent.
En Banc.
SULLIVAN, Presiding Justice, for the Court:
¶ 1. James C. Steele petitions this Court for reinstatement to the practice of law following a six-month suspension for violating Rules 1.2, 1.3, 1.4(c), 1.15(a), 1.15(b and c), 8.1(b), and 8.4 (a, c, and d) of the Mississippi Rules of Professional Conduct. Mr. Steele violated these Rules by failing to 1) abide by his client's decisions regarding the objectives of representation, 2) act with reasonable diligence and promptness, 3) keep his client reasonably informed, 4) impose a reasonable fee for representation, 5) promptly return his client's retainer, and 6) cooperate with the appropriate disciplinary authorities in this case.
¶ 2. Edward and Martha Richards retained Mr. Steele as counsel in late August or early September, 1995, to seek grandparents visitation rights with their great-grandchildren after their grandson, Roger Lee Wolfe, was disabled in an automobile accident, and his ex-wife, Jenny Renaye Wolfe, changed residence without notification. Mr. Richards obtained the services of Mr. Steele through membership in a Prepaid Legal Services Plan and paid Mr. Steele a $1,000 retainer fee.
¶ 3. Between September 1, 1995, and October 1, 1995, Mr. Steele "did not provide any substantial legal services" to the Richardses. Mr. Richards contacted Prepaid Legal Services on October 2, 1995, due to Mr. Steele's inaction and failure to return his phone calls. After prodding by Prepaid Legal Services, Mr. Steele mailed a Complaint for Grandparents Visitation and Waiver of Process to be executed by Roger Lee Wolfe to Mr. Richards on October 11, 1995. After a second mailing following the Richardses' alleged failure to return the executed complaint, Mr. Steele filed the grandparents visitation complaint in the Chancery Clerk's Office of Harrison County on November 27, 1995. Due to Mr. Steele's delay in filing the complaint, the great-grandchildren were unable to spend Christmas of 1995 with their father and the Richardses, as they had done each previous Christmas.
¶ 4. Seeing no progress in their case, the Richardses terminated their attorney/client relationship with Mr. Steele on February 22, 1996. On February 23, 1996, the Richardses retained G. Charles Bordis, IV, to take over their case. After reviewing the court file, Mr. Bordis discovered that Mr. Steele had never filed a waiver of process for Roger Lee Wolfe, as Mr. Steele had represented to Mr. Richards. Mr. Bordis was thereafter able to secure an entry of judgment enforcing Mr. Richards's grandparents visitation rights.
¶ 5. On February 28, 1996, Mr. Richards filed his informal complaint against Mr. Steele with the Mississippi Bar. Mr. Steele never responded to the complaint, even after the Bar made repeated demands. Mr. Steele subsequently failed to appear at an investigatory hearing set for June 13, 1996. The Complaint Tribunal appointed by the Mississippi Supreme Court held a hearing on the matter on December 5, 1996. Mr. Steele failed to attend the hearing and was not represented by counsel at the hearing. As a result, the Tribunal entered a default judgment against Mr. Steele in its Opinion and Judgment filed on December 17, 1996, ordering that Mr. Steele be suspended from the practice of law for a period of six months. Mr. Steele filed his petition for reinstatement on March 20, 1998. The Mississippi Bar neither supports nor opposes Mr. Steele's petition.

*664 STATEMENT OF THE LAW

¶ 6. Reinstatement to the practice of law is governed by Rule 12 of Rules of Discipline for the Mississippi State Bar. In re Robb, 702 So.2d 423, 424 (Miss.1997); In re Pace, 699 So.2d 593, 595 (Miss.1997). Rule 12.7 specifically describes the jurisdictional requirements of reinstatement petitions.
All reinstatement petitions shall be addressed to the Court, shall state the cause or causes for suspension or disbarment, give the names and current addresses of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct, the making of full amends and restitution, the reasons justifying reinstatement, and requisite moral character and legal learning to be reinstated to the privilege of practicing law. Upon filing, the petition shall be served on, and an investigatory fee of $500.00 shall be paid to the Bar, same to be in addition to any other sum due the Bar, or persons injured by the petitioner's improper conduct. The matters set out in this paragraph shall be jurisdictional.
"The Court's fundamental inquiry is whether [the attorney] has rehabilitated himself in conduct and character since the suspension was imposed." In re Mathes, 653 So.2d 928, 929 (Miss.1995). "A firm resolve to live a correct life evidenced by outward manifestation sufficient to convince a reasonable mind clearly that the person has reformed is only required." In re Underwood, 649 So.2d 825, 828-29 (Miss.1995) (quoting Williams v. Mississippi State Bar Ass'n, 492 So.2d 578, 580 (Miss.1986)). See also Pace, 699 So.2d at 596.

Pecuniary Lossl/ Full Amends and Restitution/ Investigatory Fee
¶ 7. The Tribunal ordered Mr. Steele to pay $750.00 plus interest in restitution to Mr. Richards, $62.57 to the Mississippi Bar as previously assessed by the Bar's Committee on Professional Responsibility, and all costs and expenses totaling $361.64. Mr. Steele complied with these requirements and submitted his $500 investigatory fee, as evidenced by the record and agreed upon by the parties involved.

Reasons Justifying Reinstatement
¶ 8. To justify his reinstatement, Mr. Steele submits that he has complied with the ruling of the Complaint Tribunal. Mr. Steele points to his actions following his becoming aware of the suspension to promptly close his law office and cease to practice law; notify all clients, opposing attorneys and parties, and courts of his suspension; assist his former clients in locating other counsel; provide new counsel with copies of his files and knowledge of the cases; return all original documents to those clients who made such requests; and file an affidavit with the Complaint Tribunal attesting to his completion of these acts.

Requisite Moral Character
¶ 9. To support his petition for reinstatement and provide references to his moral character, Mr. Steele offers numerous letters of recommendation, including letters from his wife, Suzanne Baker-Steele (a practicing attorney); Cecil G. Woods, Jr. (opposing counsel in the Richards matter); G. Charles Bordis, IV (the attorney who represented the Richardses subsequent to their firing Mr. Steele); Martha G. Carson, DUI Prosecutor for the Municipal Court of Biloxi, and fifteen other attorneys licensed to practice law in Mississippi. Mr. Steele also points to his lack of a criminal record, apart from traffic violations.
¶ 10. The Bar responds by pointing out that since his suspension, Mr. Steele received a private reprimand on September 22, 1997, for actions he took prior to his suspension related to his representation of Susan McKenzie. The facts of that complaint similarly dealt with Mr. Steele's failure to act with diligence and promptness in the matter and failure to keep his client reasonably informed of the proceedings. The Bar also points out that Mr. Steele does not attend church and has not been involved with any civic or charitable organizations since his suspension. However, Mr. Steele explained that as the primary caregiver for his two-year-old *665 daughter, he has had little time for community involvement.

Requisite Legal Learning
¶ 11. Mr. Steele contends that he has obtained the requisite legal education for reinstatement, having graduated from the University of Mississippi School of Law and passing the Ethics Examination, Multistate Examination, and State Bar Examination. He indicates that since admission to the practice of law, he maintained his license by completing the requisite Continuing Legal Education seminars. Since his suspension, Mr. Steele states that he has attended the Summary of Recent Changes in Mississippi Law on March 9, 1998, in Gulfport, Mississippi, read and studied decisions of this Court handed down during his suspension, discussed legal issues with members of the local bar and bench, and assisted local counsel with independent legal research without compensation.

Miscellaneous
¶ 12. Upon graduation from law school, Mr. Steele practiced law with the Mississippi Department of Human Services in the Child Support Enforcement Division. Prior to his suspension, in 1992, Mr. Steele opened his own practice in Biloxi, Mississippi after marrying and moving to the coast. During his suspension, Mr. Steele worked as a process server and as a law office runner. Mr. Steele has no specific plans concerning his return to practice following reinstatement. He asserts that since suspension, he has reviewed his "office structure" and determined his "future course of conduct" so as to "avoid such failures as [he has] committed in the past."
¶ 13. Mr. Steele still maintains that he had a meritorious defense to the complaint filed against him, in that he did not act intentionally, but was detained in his representation of the Richardses by his acting as co-counsel in the defense of a person accused of vehicular manslaughter. However, Mr. Steele expresses regret for his mistakes and for failing his client, the legal system, and his family in this case, and he emphasizes his respect for and understanding of this Court's decision to suspend him.

CONCLUSION
¶ 14. Mr. Steele carries the ultimate burden of proving his worthiness for reinstatement to the practice of law. While the Bar has submitted that it neither supports nor opposes Mr. Steele's Petition for Reinstatement, it is apparent that the Bar was unimpressed with Mr. Steele's apparent lack of enthusiasm for practicing law as evidenced in his delay in filing his petition for reinstatement. However, Mr. Steele explained in his deposition that the delay was caused by the intervening complaint filed by Ms. McKenzie and his need to do some "soul-searching" to decide whether to attempt returning to the practice of law.
¶ 15. Having reviewed Mr. Steele's petition, the Bar's response, and the record associated with the petition, most notably the letters offered in support of Mr. Steele, we find that Mr. Steele has met his burden and has satisfied the requirements of Rule 12. Mr. Steele has met the conditions for reinstatement set forth by the complaint tribunal and this Court. In addition, he has met the jurisdictional requirements for reinstatement, including: a) a proper petition; b) full amends and restitution; and c) requisite moral character and legal learning. For this reason, we hold that the Petition of James C. Steele for Reinstatement to the Practice of Law should be granted.
¶ 16. PETITION FOR REINSTATEMENT TO THE PRACTICE OF LAW GRANTED.
PRATHER, C.J., PITTMAN, P.J., and BANKS, McRAE, JAMES L. ROBERTS, Jr., SMITH, MILLS and WALLER, JJ., concur.