LAMAR, Justice,
for the Court.
¶ 1. Warner Hodges, III, was suspended from the practice of law in Tennessee for one year, commencing October 1, 2004. Upon complaint from the Mississippi Bar and pursuant to Rule 13 of the Mississippi Rules of Discipline, this Court suspended Hodges’s license to practice law in Mississippi for one year.[1] Miss. Bar v. Hodges, 949 So.2d 683 (Miss.2006). Hodges now petitions this Court for reinstatement in good standing, noting that such good standing is a requirement to be admitted to the Bar in Georgia, where Hodges has lived for more than three years.
FACTS
¶ 2. On April 7, 2003, Hodges entered into a monitoring agreement with the Tennessee Lawyers Assistance Program (TLAP) because of excessive alcohol abuse. In 2004, Hodges violated the agreement by consuming alcohol, and as a result, was referred to rehabilitation centers on two separate occasions. After he relapsed at the first center and then left the second center before concluding treatment, the Supreme Court of Tennessee temporarily suspended Hodges on October 1, 2004, due to his noncompliance with the monitoring agreement.
¶ 3. On July 11, 2005, Hodges was suspended by the Supreme Court of Tennessee for one year, after entering a conditional guilty plea and admitting violations of the Tennessee Rules of Professional Conduct (TRPC) for engaging in the practice of law while temporarily suspended. Hodges was found to have violated Rules 5.5(a) and 8.4(a)(c)(d)(g) of the TRPC. The order of suspension provided that Hodges was to continue in the monitoring agreement with TLAP for five years, with any reported noncompliance constituting immediate grounds for summary suspension.
*658 ¶ 4. Pursuant to Rule 13 of the Mississippi Rules of Discipline (MRD), which provides for reciprocal discipline, and upon complaint from the Mississippi Bar, this Court suspended Hodges for one year. The decision also gave Hodges explicit directions:
(2) Hodges shall continue to comply with his monitoring agreement with TLAP for the period of time remaining on the five year commitment required by the Tennessee order and shall provide this Court with confirmation of compliance on an annual basis.
(3) Hodges shall, within 1⅛ days of the date of this opinion, file an Affidavit with this court stating either that he has not practiced law in the State of Mississippi since July 11, 2005, and thus no notices are required, or that he has given [notice of his suspension to clients and all affected courts and agents required by MRD 11(c) ].
Hodges, 949 So.2d at 688 (emphasis added). In that opinion, this Court further stated:
Should Hodges seek reinstatement to the practice of law in the State of Mississippi, he shall be required not only to comply with all the requirements of MRD Rule 12, but also to present proof to the Mississippi Bar that he has completed, or is continuing in compliance with, the conditions of his TLAP monitoring agreement, as required by the Tennessee Supreme Court.
Id at 688.
¶ 5. The Supreme Court of Tennessee reinstated Hodges on June 6, 2008, with two conditions: (1) that Hodges maintain compliance with the TLAP agreement through May 17, 2010[2], and (2) that Hodges maintain involvement with the Georgia Lawyers’ Assistance Program (GaLAP).
¶ 6. On June 11, 2008, Hodges petitioned this Court for reinstatement of active status as a practitioner of law in Mississippi. Subsequently, the Mississippi Bar Association deposed Hodges. Following his deposition, Hodges filed a supplemental petition, attaching letters in support of his reinstatement. Hodges later filed a second supplemental petition, addressing the allegations of unauthorized practice of law that brought about his suspension in Tennessee. The Mississippi Bar filed an answer to Hodges’s petition, recommending reinstatement. Subsequently, this Court directed Hodges to supplement the record with the results of Hodges’s monthly drug and alcohol screening required by his TLAP monitoring agreement. Hodges provided the test results to this Court, and the Mississippi Bar filed a response.
STANDARD OF REVIEW
¶ 7. This Court enjoys “exclusive and inherent jurisdiction of matters pertaining to attorney discipline, reinstatement, and appointment of receivers for suspended and disbarred attorneys.” In re Morrison, 819 So.2d 1181, 1183 (Miss.2001). This Court reviews the evidence in disciplinary matters as the trier of fact, under a de novo standard. Id.
ANALYSIS
¶ 8. When an attorney is suspended due to misconduct in another jurisdiction, this Court views that suspension as “conclusive evidence of the guilt of the offense or unprofessional conduct on which said sanction was ordered.” MRD 13. The rules, however, do not provide that rein *659 statement in another jurisdiction is viewed as conclusive evidence of the rehabilitation of the attorney. In considering whether to grant reinstatement, “the Court’s fundamental inquiry is whether [the attorney] has rehabilitated himself in conduct and character since the suspension was imposed.” In re Steele, 722 So.2d 662, 664 (Miss.1998) (citing In re Mathes, 653 So.2d 928, 929 (Miss.1995)).

I. Hodges’s Noncompliance with the Suspension Order.

f 9. In the suspension order, this Court required that Hodges continue to comply with his TLAP monitoring agreement for the remainder of the five-year commitment required by Tennessee. The order further stated that Hodges was to “provide this Court with confirmation of compliance on an annual basis.” Hodges, 949 So.2d at 688.
¶ 10. While Hodges continued to comply with the TLAP monitoring agreement, he failed to provide annual confirmation of compliance to this Court. During his deposition testimony, Hodges admitted that he had failed to provide this Court with annual compliance confirmation. Hodges’s excuse for disobeying this Court’s order was that he was “so devastated” when the order was issued, he didn’t even read the annual confirmation requirement. Hodges further testified that he had no knowledge of the requirement until he called the Mississippi Bar inquiring about filing a petition for reinstatement.
¶ 11. In his petition for reinstatement, Hodges provided an affidavit stating that he was in full compliance with the monitoring agreement. Additionally, Hodges provided a letter from Laura Gatrell, TLAP Executive Director, which stated that Hodges’s TLAP file was in substantial compliance at the time. The letter further stated that TLAP supported Hodges’s petition for reinstatement in Tennessee and similarly supported his petition for reinstatement in Mississippi. In response to this Court’s directive to supplement his petition, Hodges has provided this Court with the results of his monthly drug and alcohol screening tests as required by the monitoring agreement.
¶ 12. This Court’s suspension order also required that Hodges, within fourteen days of the issuance of the order, file an affidavit stating either that he had not practiced law in Mississippi since July 11, 2005, or that he had given notice to clients, courts, and agencies pursuant to Mississippi Rules of Discipline 11.
¶ 13. Hodges filed no such affidavit after the suspension order. When questioned about this failure to comply during his deposition, Hodges stated that he “failed to appreciate the language” and was so depressed that he didn’t pick up on the requirement. Hodges’s petition for reinstatement provided, as he later testified, that he had no Mississippi clients on or after July 11, 2005, and rarely practiced in Mississippi prior to that time.
¶ 14. Although he failed to satisfy this Court’s clear directives, our principal concern in considering Hodges’s reinstatement to the practice of law is whether he “has rehabilitated himself in conduct and character since the suspension was imposed.” Steele, 722 So.2d at 664. Clearly, Hodges cannot go back and timely file the affidavit and annual confirmations. Hodges testified that he has had no clients and has not practiced law since July 11, 2005. Further, Hodges provided a letter from Gatrell, the results of his monthly screening, and his own testimony as evidence that since his suspension, he has remained in compliance with the monitoring agreement. Although this Court does not excuse Hodges’s failure to obey this Court’s order, we will proceed to examine the to *660 tality of the record before us and determine whether Hodges has rehabilitated himself sufficiently to allow reinstatement to the practice of law in Mississippi.

II. Requirements for Reinstatement

¶ 15. Reinstatement of suspended attorneys is governed by Mississippi Rules of Discipline 12. Burgin v. Miss. State Bar, 453 So.2d 689, 690 (Miss.1984). In accordance with Procedure 12.7 of MRD 12, this Court has set forth requirements for all petitions for reinstatement, which must be satisfied before this Court will reinstate a suspended petitioner. Reinstatement of Kelly, 987 So.2d 925 (Miss.2008). In his petition for reinstatement, the petitioner must: (1) state the cause or causes for suspension or disbarment; (2) give the names and current addresses of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct; (3) make full amends and restitution; (4) show that he has the necessary moral character for the practice of law; and (5) demonstrate the requisite legal education to be reinstated to the privilege of practicing law. Id. (citing In re Benson, 890 So.2d 888, 890 (Miss.2004)). Although not dispositive, this Court “considers the Bar’s position as to reinstatement as a factor in determining whether to reinstate a suspended attorney.” Reinstatement of Kelly, 987 So.2d at 929 (citing In re Holleman, 826 So.2d 1243, 1248 (Miss.2002)).

A. State the cause or causes for suspension or disbarment.

¶ 16. In Hodges’s petition, he outlined the cause of his suspension. Hodges stated that because of excessive alcohol abuse, he entered into a monitoring agreement with TLAP. After noncompliance with the monitoring agreement on several occasions, Hodges was suspended from practicing in Tennessee for one year. Upon gaining knowledge of the suspension, this Court suspended Hodges from practicing in Mississippi for one year.
¶ 17. In his initial petition, Hodges failed to address the specific cause for his suspension in Tennessee, i.e., the conditional guilty plea to allegations of engaging in the practice of law while temporarily suspended. In his second supplemental petition, Hodges acknowledged the allegations and provided “an explanation of the references to the unauthorized practice of law in the State of Tennessee.” The first allegation involved Hodges assisting a family friend in a personal-injury suit, including making contact with insurance adjusters and using his own phone number and address on her pro-se petition. Hodges also assisted in finding an attorney to represent her and answering discovery. The second allegation involved a worker’s compensation case in which Hodges had begun to represent the client before the temporary suspension. Hodges stated that after informing the client that Hodges could not represent him, the client’s physical condition worsened and he became suicidal. Because of the deteriorating physical and mental condition of the client, Hodges agreed to assist in drafting a response to a motion for summary judgment. Hodges stated that this work was done pro bono and was done only “to prevent a tragedy.”

B. Give the name and current address of all persons, parties, firms or legal entities who suffered pecuniary loss due to the improper conduct.

¶ 18. In his supplemental petition, Hodges stated that he “owes no duty of restitution to any person in the State of Mississippi, or in any other state.” Hodges stated in his deposition and petition that he did not practice law in Mississippi after *661 July 11, 2005, and had no Mississippi clients at the time of suspension. During his deposition, Hodges testified that no pecuniary loss had resulted from his suspension.

C. Make full amends and restitution.

¶ 19. Hodges’s supplemental petition addressed this requirement, stating that no duty of restitution is owed, as noted supra. Hodges’s deposition testimony is consistent with this assertion. As no pecuniary loss was suffered, Hodges has adequately satisfied this requirement.

D. Show the necessary moral character for the practice of law.

¶ 20. Hodges has acknowledged that he has an alcohol problem. He entered into a monitoring agreement with TLAP and initially failed to comply with that agreement, with four trips to rehabilitation facilities and repeated alcohol abuse, leading to the eventual suspension of his license in Tennessee and Mississippi.
¶21. In 2006, after the suspension, Hodges moved to Georgia and began working as a commercial and land realtor with Keller Williams Realty Co. He is in the fourth year of his monitoring agreement with TLAP and undergoes random monthly drug and alcohol screens. He regularly attends Alcoholics Anonymous (AA) meetings, is monitored by a Georgia attorney, and attends a separate lawyers’ recovery group in Atlanta.
¶ 22. Hodges acknowledges that he had a brief relapse in January of 2006, as a result of the death of one of his best friends. Hodges drank for three days, which resulted in two failed alcohol screens. After these failed screens, Hodges began his involvement with GaLAP and clinical director Steven Brown, and has remained on the road to recovery since. The monthly drug and alcohol screening reports filed with this Court are consistent with Hodges’s testimony and confirm that there have been no positive screens since January 2006.
¶ 23. Hodges has presented this Court with evidence of the steps he has taken to turn his life around, in the form of letters regarding his involvement in support groups and other civic, religious, and charitable organizations. A letter from Brown reports that Hodges has been actively involved with the GaLAP since September 13, 2005, receiving support and peer monitoring. Brown’s letter also reports that Hodges has an ongoing involvement with a local AA group and was a charter member of a GaLAP Lawyers’ Recovery Group in Atlanta formed in 2007, noting that Hodges has taken a leadership role in the group. A letter from James Haley, Georgia attorney and Hodges’s peer monitor, states that he has met with Hodges on a monthly basis since August 2006, during which time Hodges has maintained his sobriety and followed the principles of recovery from alcoholism. The letter from Laura Gatrell, TLAP executive director, states that Hodges is diligent in providing updates and has tested negative on alcohol and drug screens. Hodges provided letters from Georgia attorneys Theodore Smith and Frederick Bauerlein, who attend the weekly AA meetings with Hodges, stating that Hodges is living a sober, spiritual life and takes the AA program very seriously. Hodges presented letters from three Keller Williams coworkers, which state that he is an excellent employee and mention his involvement with Habitat for Humanity and support for an abused women’s shelter. In addition, Hodges presented letters from both Brett Berto, chairman of the Cumming-Forsyth County Chamber of Commerce, and James McCoy, president and CEO of the same. These two letters commend the work of *662 Hodges with the organization and other civic activities, noting that Hodges has been accepted into the Leadership Forsyth class of 2008-2009.
¶ 24. We find that Hodges has adequately shown that he has taken steps to correct the problems he encountered as a result of his substance abuse and that he has the necessary moral character for the practice of law.

E. Demonstrate the requisite legal education to be reinstated to the privilege of practicing law.

¶ 25. Hodges stated that he “is current in his CLE hours through July 2008.” Hodges testified that he yearly attended a seminar in Tennessee, where he received either twelve or fifteen hours of general CLE credit and three hours of ethics CLE credit. In addition, the Mississippi Bar provided a letter from the Mississippi Commission on Continuing Legal Education, confirming that Hodges is “in compliance with the Rules and Regulations for Mandatory Continuing Legal Education for the State of Mississippi, including the ethics requirement through July 31, 2008.”

F. The recommendation of the Mississippi Bar.

¶ 26. The Mississippi Bar, in its answer to Hodges’s petition and following its own investigation of the case, recommended that Hodges be reinstated to the practice of law, based on his reinstatement by the Tennessee Supreme Court, his ongoing compliance with his TLAP agreement, and his participation with the GaLAP.
CONCLUSION
¶ 27. “The suspended attorney seeking reinstatement has the burden of proving to this Court that he has the requisite moral character for reinstatement to the practice of law.” In re Reinstatement of License to Practice Law, Robert D. Underwood, 649 So.2d 825, 828 (Miss.1995) (citing Haimes v. Miss. State Bar, 551 So.2d 910, 912 (Miss.1989)). “The showing to be made for reinstatement seems inextricably bound to the nature of the original offense.” Id. In considering reinstatement, this Court has stated that a suspension does not require “a long period to discipline and effect a rehabilitation of character.” Id. (quoting Williams v. Miss. State Bar Ass’n, 492 So.2d 578, 580 (Miss.1986)). “A firm resolve to live a correct life evidenced by outward manifestation sufficient to convince a reasonable mind clearly that the person has reformed is only required.” Id. at 828-829 (quoting Williams, 492 So.2d at 580).
¶ 28. Based on the evidence presented to this Court, we find that Hodges has met the burden of proving to this Court that he has rehabilitated himself and now possesses the moral character necessary for reinstatement to the practice of law. We note that Hodges initially was suspended for a period of one year and, at present, has been suspended for more than three years and seven months.
¶ 29. This Court hereby grants Hodges’s petition for reinstatement on the condition that Hodges file monthly reports with the Mississippi Bar of the results of any drug and alcohol screens, through the expiration of his TLAP monitoring agreement. Failure to furnish the monthly reports as directed will constitute grounds for immediate summary suspension of Hodges’s license to practice law in Mississippi, upon proper petition of the Mississippi Bar.
¶ 30. PETITION OF WARNER HODGES, III, FOR REINSTATEMENT TO THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI IS GRANTED. REINSTATEMENT GRANTED *663 ON CONDITION PETITIONER PROVIDE MONTHLY REPORTS CONSISTENT WITH THIS OPINION TO THE MISSISSIPPI BAR.
WALLER, C.J., CARLSON AND GRAVES, P.JJ., DICKINSON, RANDOLPH, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR.

. In the suspension order dated July 11, 2005, Tennessee applied its own one-year suspension retroactively to October 1, 2004. Hodges’s suspension in Mississippi was retroactive to July 11, 2005, the date that the Tennessee Supreme Court entered its order.

. Since filing this petition for reinstatement, the Supreme Court of Tennessee, on March 9, 2009, modified the terms of Hodges’s monitoring agreement with TLAP by shortening the period of compliance from five years to four years, so that it will expire May 17, 2009.