# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-BR-00128-SCT

*MICHAEL E. WINFIELD*

*v.*

*THE MISSISSIPPI BAR*

ATTORNEY FOR PETITIONER: PRO SE
ATTORNEY FOR RESPONDENT: ADAM B. KILGORE
NATURE OF THE CASE: CIVIL - BAR MATTERS
DISPOSITION: REINSTATEMENT GRANTED - 12/09/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1.     Michael Winfield petitions this Court for reinstatement to the practice of law in Mississippi.  The Mississippi Bar, having deposed Winfield on matters surrounding his disbarment and petition for reinstatement, supports Winfield's petition for reinstatement. Since he has satisfied the jurisdictional requirements under Rule 12 of the Mississippi Rules of Discipline, we grant Winfield's petition.

## FACTS AND PROCEDURAL HISTORY

¶2.     Michael Winfield was admitted to the Mississippi Bar in 2000.  On June 6, 2017, Winfield was disbarred by a complaint tribunal appointed by this Court in *Mississippi Bar v. Winfield*, No. 2015-B-1430, for violating Rules 1.1, 1.5(a), 1.15(a), 1.15(b), 3.3(a)(1), 3.3(a)(2), 3.3(d) and 8.4(d) of the Mississippi Rules of Professional Conduct.  *See* Opinion

and Final Judgment, *Miss. Bar v. Winfield*, No. 2017-BA-00951 (Miss. Bar Complaint Trib. July 7, 2017). Specifically, in 2013, Winfield was hired to pursue a claim for the estate of Aubrey Watson in a Black farmers class-action-settlement matter in which Feletha Watson was to serve as estate administrator. Winfield admitted having little estate experience and no experience in Black farmers class-action litigation. Winfield ultimately received $53,000 in settlement funds that he deposited into a non-IOLTA trust account. He then withdrew $5,000 in attorneys' fees without prior court approval. According to Winfield, Feletha Watson told him that she and her brother were the sole heirs of Aubrey Watson. The chancery court, however, later determined that neither Feletha Watson nor her brother were heirs to the estate and that the estate failed to include the rightful heirs.

¶3. Winfield then wrote checks to Feletha Watson for $43,000 and to himself for $2,000 without court authorization before withdrawing as attorney for the estate of Aubrey Watson. The chancery court discovered that estate funds were missing, recovered some funds from Feletha Watson and ordered Winfield to repay the $40,000 balance. Winfield repaid the $40,000 as required just prior to his complaint tribunal trial. Winfield later filed his petition for reinstatement on February 3, 2021.[1] The Bar, whose counsel deposed Winfield regarding

---

[1] We note that at the time Winfield filed his petition for reinstatement, he had been disbarred for more than three, but less than four, years. Procedure 12.1 of the Mississippi Rules of Discipline was amended, effective July 1, 2019, to require disbarred attorneys to wait at least five years from the date of their disbarment to file a petition for reinstatement. Miss. R. Discipline Procedure 12.1. But when Winfield was disbarred in 2017, the prior version of Procedure 12.1 was in effect, which provided that disbarred attorneys needed only to wait three years prior to petitioning for reinstatement. Since the three-year period was in effect under Rule 12.1 at the time of Winfield's disbarment, we apply Procedure 12.1 as it existed before the 2019 amendment and address the merits of Winfield's petition. *See generally Stewart v. Miss. Bar*, 326 So. 3d 388, 399 n.12 (Miss. 2019) (recognizing that the

2

his petition, supports Winfield's reinstatement to the practice of law.

## DISCUSSION

¶4. This Court "has exclusive and inherent jurisdiction of matters pertaining to attorney discipline [and] reinstatement . . . for suspended and disbarred attorneys." *In re Morrison*, 819 So. 2d 1181, 1183 (Miss. 2001) (quoting *In re Smith*, 758 So. 2d 396, 397 (Miss. 1999)). And "[w]hen reviewing disciplinary matters[,] this Court reviews the evidence de novo, on a case-by-case basis sitting as triers of fact." *Id.* (quoting *In re Smith*, 758 So. 2d at 397).

¶5. To determine whether to grant a petition for reinstatement, "[t]he Court's fundamental inquiry is whether [the attorney] has rehabilitated himself in conduct and character since the suspension was imposed." *In re Steele*, 722 So. 2d 662, 664 (Miss. 1998) (second alteration in original) (internal quotation marks omitted) (quoting *In re Mathes*, 653 So. 2d 928, 929 (Miss. 1995)). To demonstrate such rehabilitation, the petitioner must "meet[] the jurisdictional requirements of Rule 12." *Gaines v. Miss. Bar*, 268 So. 3d 484, 488 (Miss. 2018) (internal quotation mark omitted) (quoting *In re Benson*, 890 So. 2d 888, 890 (Miss. 2004)).

¶6. Rule 12 of the Mississippi Rules of Discipline provides in pertinent part that "**(a)** No person disbarred . . . shall be reinstated to the privilege of practicing law except upon petition to the Court [and] **(b)** Reinstatement to the practice of law following any suspension shall

---

amendment to Rule 12(c) that made attorneys convicted of certain enumerated felonies ineligible for reinstatement applied only to offenses occurring after the effective date of the amendment (citing *Stewart v. Miss. Bar*, 5 So. 3d 344, 346 n.1 (Miss. 2008))).

be only upon proof of compliance with any such sanctions[.]" Miss. R. Discipline 12 (a)-(b).

To satisfy Rule 12 and thus demonstrate rehabilitation, a petitioner must:

> (1) state the cause or causes for suspension or disbarment; (2) give the name and current address of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct; (3) make full amends and restitution[;] (4) show that he has the necessary moral character for the practice of law; and (5) demonstrate the requisite legal education to be reinstated to the privilege of practicing law.

*In re Benson*, 890 So. 2d at 890. And "[t]hough not a jurisdictional requirement, we consider the Bar's position as to reinstatement as a factor in determining whether to grant the petition." *Id.* (citing *In re Holleman*, 826 So. 2d 1243, 1248 (Miss. 2002)).

¶7.     As a preliminary matter, Winfield's original discipline and disbarment are not before the Court today, and the sole issue is whether to grant Winfield's petition for reinstatement. *Gaines*, 268 So. 3d at 489 ("One thing is clear and that is that the conduct upon which the original suspension proceedings were had may not furnish grounds for denial of reinstatement." (internal quotation marks omitted) (quoting *In re Nixon*, 618 So. 2d 1283, 1289 (Miss. 1993))). Even so, we recognize that "commingling funds is the 'cardinal sin of the legal profession.'" *Id.* (internal quotation marks omitted) (quoting *Miss. Bar v. Ogletree*, 226 So. 3d 79, 83 (Miss. 2015)). Moreover, "commingling 'is indeed the ultimate breach of trust.'" *Id.* (quoting *Miss. Bar v. Coleman*, 849 So. 2d 867, 874 (Miss. 2002)). And that breach of trust certainly "damage[s] the 'dignity and reputation of the legal profession.'" *Ogletree*, 226 So. 3d at 84 (quoting *McIntyre v. Miss. Bar*, 38 So. 3d 617, 625 (Miss. 2010)). "Also, we have recognized that '[a] suspended attorney petitioning for reinstatement has the burden of proving his case, but the case he must prove is not the same or as great as that

4

demanded of one who has been disbarred.[']" ***Gaines***, 268 So. 3d at 489 (first alteration in original) (quoting ***Haimes v. Miss. Bar***, 551 So. 2d 910, 912 (Miss. 1989)). But, as demonstrated below, Winfield has worked to remedy this breach of trust and has complied with each requirement under Rule 12. Therefore, we grant Winfield's petition for reinstatement to the practice of law in Mississippi.

## I.      Cause for Disbarment

¶8.      Winfield's petition acknowledges the multiple rules of professional conduct he violated: Rules 1.1, 1.5(a), 1.15(a), 1.15(b), 3.3(a)(1), 3.3(a)(2), 3.3(d), 8.4(d) and 1.15. Additionally, Winfield's petition and deposition testimony provide a detailed account of the transfer of funds and his rule violations.

## II.     Names and Current Addresses of Persons Who Suffered Pecuniary Loss

¶9.      Winfield lists in his petition the names of the persons that suffered potential pecuniary loss as a result of his actions leading to his disbarment. He does not, however, provide the current addresses of the same persons, as recognized by the Bar in its answer to Winfield's petition. The Bar does note that Winfield stated that he hired a process server in Adams County to locate the addresses of the persons potentially suffering pecuniary loss but that his attempts at locating them have been unsuccessful. We find that Winfield has satisfied the second requirement of Rule 12 and that his failure to provide the addresses of persons who suffered pecuniary loss is of no moment since Winfield paid restitution pursuant to the chancery court's order. *See **In re Flautt***, 890 So. 2d 928, 932 (Miss. 2004) (noting that when Flautt made whole those whose funds were misused, there was no need to provide the same

5

parties' current names and addresses).

**III.    Amends and Restitution**

¶10.    Winfield repaid $40,000 to the estate of Aubrey Watson as directed by the chancery court.  Furthermore, Mississippi Electronic Courts indicates that the nine heirs of Aubrey Watson were paid their portion of the settlement funds in 2018.

**IV.    Moral Character**

¶11.    Both before the complaint tribunal and in his petition and deposition, Winfield never denied taking the actions leading to his disbarment, and he has taken full responsibility for his actions.

>    *A.    Civic and Charitable Involvement*

¶12.    Since his disbarment, Winfield has remained active in the Spring Hill Missionary Baptist Church where he serves as a member of the trustee board and male choir.  Further, Winfield cooks for church fundraisers and is a volunteer coach for youth flag football, basketball and baseball teams.  Additionally, Winfield reads to and mentors underprivileged children through a local head-start program.

>    *B.    Letters of Recommendation*

¶13.    Winfield submitted nineteen letters in support of his petition for reinstatement, many of which were written by members of the Mississippi Bar.  Further, Winfield testified as to his relationship with each person who wrote a letter in support of his petition and testified that he made each person aware of the circumstances that led to his disbarment.

>    *C.    Employment Since Disbarment and Future Plans*

6

¶14. Since Winfield's disbarment in 2017, he worked as a paralegal for two years for Toney Baldwin and Associates, where he gained knowledge of the management of cases, expenses and client funds. At all times during his employment as a paralegal, Winfield took steps necessary to ensure anyone he interacted with did not think he was an attorney, and Winfield did not give any legal advice. After his employment with Toney Baldwin and Associates ended, Winfield obtained a commercial drivers' license and continues to perform local hauling of dirt, sand and gravel. If the Court grants his petition for reinstatement, Winfield plans to practice in criminal defense and personal injury and wants to be involved in pro bono work. However, were we to deny his petition for reinstatement, Winfield reports that he plans to obtain a Class A commercial drivers' license.

## V. Legal Education

¶15. Procedure 12.5 requires that a disbarred attorney take and pass both the Multi-State Professional Responsibility Exam and the Mississippi Bar Exam prior to eligibility for reinstatement. Miss. R. Discipline Procedure 12.5. Winfield took and passed each exam prior to filing his petition. Further, while he has not taken any continuing-legal-education courses, Winfield submits that his work as a paralegal allowed him to continue his legal learning.

## VI. Position of the Bar

¶16. As discussed throughout this opinion, the Bar supports Winfield's petition for reinstatement to the practice of law. Though not a requirement under Rule 12 for granting a petition for reinstatement, the Bar's support further bolsters Winfield's reinstatement

7

petition.

## CONCLUSION

¶17. Since Winfield's petition, along with all attached exhibits and deposition testimony, demonstrates that Winfield has complied with each jurisdictional requirement under Rule 12 for reinstatement to the practice of law and has undertaken extensive rehabilitative efforts, and considering the Bar's support of Winfield's petition, we grant Winfield's petition to be reinstated to the practice of law in Mississippi.

¶18. **PETITION OF MICHAEL E. WINFIELD FOR REINSTATEMENT TO THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI IS GRANTED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, ISHEE AND GRIFFIS, JJ., CONCUR.**