699 So.2d 593 (1997)
In re the Matter of the Petition of J. Edmand PACE for Reinstatement to the Practice of Law.
No. 97-BR-00163-SCT.
Supreme Court of Mississippi.
September 11, 1997.
*594 J. Edmand Pace, Picayune, pro se.
Delos H. Burks, Picayune, for Petitioner.
J. David Wynne, Michael B. Martz, Jackson, for Respondent.
En Banc.
PRATHER, Presiding Justice, for the Court:
¶ 1. J. Edmand Pace requests reinstatement to the practice of law following a six-month suspension for failing to timely pursue a client's appeal, failing to advise the client when the appeal was dismissed for being untimely filed, failing to ask for reconsideration of the dismissal of the appeal, and keeping the client's payment for the filing of the appeal.
¶ 2. The Mississippi Bar Association ("the Bar") contends that Pace did not make the required restitution to the former client, even though Pace had paid the former client more than the restitution amount in settlement of a threatened malpractice suit. The Bar also claims that Pace did not meet the conditions for reinstatement, because he failed to timely pay costs to the Bar and to timely file certain affidavits. This Court finds that Pace has met the requirements for reinstatement, and he is, therefore, reinstated to the practice of law.

*595 STATEMENT OF THE CASE

¶ 3. The Bar filed a formal complaint against Pace on June 9, 1995, for unprofessional conduct in the handling of an appeal on behalf of his client, Geraldine Vanderhoff. Pace admitted the allegations in the formal complaint, and the Complaint Tribunal ruled that Pace had violated the Rules of Professional Conduct. Pace was suspended from the practice of law for a six-month period, effective May 6, 1996, and ordered to pay costs in the amount of $492.82 before May 7, 1996. As conditions for reinstatement, Pace was ordered to make restitution to Vanderhoff in the amount of $1,750, and to file affidavits that he had notified clients and counsel opposite of his suspension. Pace did not appeal.
¶ 4. On February 10, 1997, Pace petitioned for reinstatement and alleged that he had a) paid Vanderhoff $5,000, or $3,250 more than that required by the Complaint Tribunal; b) paid the $492.82 in court costs; c) given notice to his clients and counsel opposite of his suspension; and d) refrained from the practice of law since his suspension. Pace also expressed "deep remorse" for the actions that resulted in his suspension.
¶ 5. On April 11, 1997, the Bar filed its response to Pace's petition for reinstatement. The Bar admitted that Pace paid Vanderhoff $5,000, but contended that the money was tendered to settle a threatened malpractice action and had nothing to do with the restitution ordered by the Complaint Tribunal. The Bar also alleged that Pace did not pay the court costs by May 7, 1996, as ordered by the Complaint Tribunal; rather, Pace paid the costs "just prior" to filing his petition for reinstatement. The Bar admitted that Pace complied with the Complaint Tribunal's order as it pertained to notice to clients and counsel opposite; however, the Bar contended that Pace failed to file affidavits to that effect as ordered by the Complaint Tribunal. The Bar also admitted that Pace had not practiced law during his suspension. The Bar agreed that Pace had expressed remorse over his actions.
¶ 6. Thereafter, on May 2, 1997, Pace filed his reply to the Bar's response and apologized for his failure to timely file the required affidavits. Pace stated that the failure was an oversight and was due to the fact that he obtained out-of-state employment after his suspension.

LEGAL ANALYSIS
¶ 7. The standard for reviewing questions of attorney reinstatement is wellsettled:
The Supreme Court of Mississippi (the Court) has exclusive and inherent jurisdiction of matters pertaining to attorney discipline, reinstatement, and appointment of receivers for suspended and disbarred attorneys. When reviewing disciplinary matters this Court reviews the evidence de novo, on a case-by-case basis, sitting as triers of fact.
* * * * * *
The guidelines for reinstatement to the Mississippi State Bar are set forth in Miss. Code Ann. § 73-3-337 and in Rule 12 of the Rules of Discipline for the Mississippi Bar. Rule 12 reads in pertinent part as follows ...
All reinstatement petitions shall be addressed to the Court, shall state the cause or causes for suspension or disbarment, give the names and current addresses of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct, the making of full amends and restitution, the reasons justifying reinstatement, and requisite moral character and legal learning to be reinstated to the privilege of practicing law... . The matters set out in this paragraph shall be jurisdictional.
In Re Underwood, 649 So.2d 825, 827 (Miss. 1995) (citations and internal quotation marks omitted).
¶ 8. The main question in this case is whether Pace has met the conditions for his reinstatement by paying restitution to his former client (Vanderhoff), by paying costs to the Bar, and by filing the requisite affidavits. Pace was ordered by the Complaint Tribunal to pay Vanderhoff $1,750 in restitution. The record reflects that, several *596 months after Pace's suspension, $5,000 was paid to Vanderhoff in settlement of threatened malpractice litigation against Pace and his firm. The release for which provided in pertinent part:
The undersigned [Vanderhoffs], for the sole consideration of five thousand dollars ($5,000.00) paid to them ... do hereby remise, release, and forever discharge Ed Pace ... of and from all and all manner of, actions and causes of actions, suits, debt ... of whatever nature especially the liability arising out of the rendering or failure to render legal services to [the Vanderhoffs] including any consequences thereof now existing or which may develop, whether or not such consequences are known or anticipated.
¶ 9. Clearly, with the payment of the $5,000 and the signing of the release, Vanderhoff and Pace settled the matter. Moreover, documentation from Vanderhoff's attorney indicates that Vanderhoff understood the $5,000 settlement included the $1,750 in restitution owed by Pace. Given these facts, this Court finds that Pace made the required restitution to his former client.
¶ 10. The next issue raised by the Bar is the fact that Pace failed to timely pay costs to the Bar and to file affidavits of notice to clients and counsel opposite. It is uncontroverted that the required payment was made and that the required affidavits were filed  albeit tardily. It is also uncontroverted that Pace timely notified his clients and counsel opposite of his suspension; therefore, the notice was properly given, even if Pace failed to file affidavits of such notice before the Complaint Tribunal's deadline. This Court finds that Pace has sufficiently met the conditions for reinstatement.
¶ 11. If this Court were to strictly enforce the deadlines of the Complaint Tribunal's order, Pace would never be eligible for reinstatement, even though he did what the Complaint Tribunal ordered him to do. This Court does not encourage such tardy compliance; however, Pace received a six-month suspension and he has now been suspended for over one year. See Underwood, 649 So.2d at 829 (where Court took into consideration fact that petitioner had been suspended for nineteen months  seven months over the original order of twelve months).
¶ 12. "The Court's fundamental inquiry is whether [the attorney] has rehabilitated himself in conduct and character since the suspension was imposed." In Re Mathes, 653 So.2d 928, 929 (Miss. 1995). "A firm resolve to live a correct life evidenced by outward manifestation sufficient to convince a reasonable mind clearly that the person has reformed is only required." Underwood, 649 So.2d at 828-29 (quoting Williams v. Mississippi State Bar Ass'n, 492 So.2d 578, 580 (Miss. 1986)).
¶ 13. The record indicates that Pace is active in his community through the Kiwanis Club, the Special Olympics, the Parent Teachers Association, and his church choir. In addition, his reinstatement is supported by other attorneys. Pace has no criminal record, but he does have a previous 60-day suspension from the practice of law. He has never had any problems with drugs or alcohol. Furthermore, prior to his suspension, Pace had been a member of the Bar for over twenty years. For fifteen of those years, he served as a Municipal Court judge. Pace worked during his suspension, but not as an attorney; he also indicates that he has studied recent developments in Mississippi law. He is over age 50, and he has three children and three step-children to support. He indicates that he would like to be reinstated, in order to work the short amount of time necessary for him to become eligible for State retirement benefits.
¶ 14. Furthermore, Pace has expressed remorse for his misconduct. He admitted he made a mistake, and he did not challenge the Complaint Tribunal's order of suspension. He has now been suspended for more than twice the period of time originally ordered by the Complaint Tribunal. Moreover, Pace submits that he would be "honored" to be reinstated to the practice of law. Thus, it seems that Pace has demonstrated a "firm resolve to live a correct life evidenced by outward manifestation sufficient to convince a reasonable mind clearly that [he] has reformed... ." See Id.

*597 CONCLUSION

¶ 15. Pace has met the conditions for reinstatement set forth by the Complaint Tribunal. In addition, he has met the jurisdictional requirements for reinstatement, including: a) a proper petition; b) full amends and restitution; and c) requisite moral character and legal learning. For this reason, his petition for reinstatement is granted, effective upon the date of the issuance of the mandate in this case.
¶ 16. PETITION FOR REINSTATEMENT TO THE PRACTICE OF LAW GRANTED.
DAN LEE, C.J., SULLIVAN, P.J., and PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr., SMITH and MILLS, JJ., concur.