MILLS, Justice,
for the Court:
¶ 1. On July 29, 1999, this Court entered an order which suspended Azki Shah from membership in The Mississippi Bar and removed his privilege license to practice law in the State of Mississippi for six (6) months. Mississippi Bar v. Shah, 749 So.2d 1047 (Miss.1999). Our decision was based upon the United States Bankruptcy Court’s issuance of an injunction that prohibited Shah from practicing in that Court until October 1, 2000. In addition to Shah’s six-month suspension, this Court ordered Shah to take and pass the Multi-State Professional Responsibility exam pri- or to his reinstatement. Shah now petitions this Court, seeking reinstatement to the practice of law.

STATEMENT OF THE LAW

¶ 2. Reinstatement to the practice of law is governed by Rule 12 of the Mississippi Rules of Discipline. In re Robb, 702 So.2d 423, 424 (Miss.1997); In re Pace, 699 So.2d 593, 595 (Miss.1997). Rule 12.7 specifically describes the juris *201 dictional requirements of reinstatement petitions.
All reinstatement petitions shall be addressed to the Court, shall state the cause or causes for suspension or disbarment, give the names and current addresses of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct, the making of full amends and restitution, the reasons justifying reinstatement, and requisite moral character and legal learning to be reinstated to the privilege of practicing law. Upon filing, the petition shall be served on, and an investigatory fee of $500.00 shall be paid to the Bar, same to be in addition to any other sum due the Bar, or persons injured by the petitioner’s improper conduct. The matters set out in this paragraph shall be jurisdictional.
“The Court’s fundamental inquiry is whether [the attorney] has rehabilitated himself in conduct and character since the suspension was imposed.” In re Mathes, 653 So.2d 928, 929 (Miss.1995). “A firm resolve to live a correct life evidenced by outward manifestation sufficient to convince a reasonable mind clearly that the person has reformed is only required.” In re Underwood, 649 So.2d 825, 828-29 (Miss.1995) (quoting Williams v. Mississippi State Bar Ass’n, 492 So.2d 578, 580 (Miss.1986)). See also In re Pace, 699 So.2d at 596.
PECUNIARY LOSS
¶ 3. The Bankruptcy Court’s Consent Order directed Shah to pay Elise Miller the sum of $360 as disgorgement of the attorney fees paid by Miller and provided that Shah would receive no money from the Miller estate. Shah has reimbursed Miller the amount ordered by the Bankruptcy Court.
¶ 4. In addition, the Consent Order directed Shah to pay the sum of $500 to the Clerk of the Bankruptcy Court in five monthly installments of $100 commencing no later than October 1, 1998. Shah has paid the Clerk of the Bankruptcy Court the sum of $500.
FULL AMENDS
¶ 5. Shah was ordered to pay the Bar’s costs and expenses involved in its investigation and prosecution of the instant disciplinary proceeding. These costs and expenses amounted to $117.20 and were paid by Shah on January 31, 2000.
¶ 6. Additionally, Shah, as a condition and requirement for the filing of a Petition for Reinstatement, was required to pay the Bar $500 to cover its costs of investigating his petition. Shah sent the Bar a $500 money order to cover the investigatory fee.
REQUISITE MORAL CHARACTER
¶ 7. The Bar deposed Shah on February 28, 2000, as part of its investigation of Shah’s Petition for Reinstatement. Shah voluntarily submitted to the deposition. In its Answer, the Bar states that it was “impressed with the responses [Shah] gave to the questions propounded to him and with the candor [Shah] answered such questions but was disappointed with the lack of documentation that was produced by [Shah] in support of his Petition for Reinstatement.” Since that time, however, Shah has provided this Court with a recommendation from Circuit Judge Kenneth L. Thomas of the Eleventh Circuit Court District, who wrote that he “[believed] it would be in the best interest of justice and the legal profession if Mr. Shah would soon be allowed to practice law again in the State of Mississippi.” Judge Thomas further stated that Shah was “remorseful” and is now “ready to provide *202 competent legal services to his clients in all courts, like he did before his mistakes.”
FAMILY BACKGROUND
¶ 8. Shah is divorced and is the father of four (4) children. He has no alimony or child support obligations. He does, however, assist his youngest child, who is 21, with some of his school expenses.
¶ 9. Rule 11(c) of the Mississippi Rules of Discipline provides that a suspended attorney shall perform certain acts including:
(1) notify all clients of his disbarment, suspension or resignation and his consequent inability to act as an attorney after the effective date of his disbarment, suspension or resignation; (2) notify each client involved in pending litigation or administrative proceedings and the attorney or attorneys for each adverse party in such proceedings, of his disbarment, suspension or. resignation and consequent inability to act as an attorney after the effective date of his disbarment, suspension or resignation; (3) advise each client promptly to substitute another attorney or attorneys in his place or to seek legal advice elsewhere; and (4) notify all effected courts and agencies of his disbarment,. suspension and consequent inability to act as an attorney after the effective date thereof; and (5) give such other notice as the disciplinary agency last having jurisdiction may direct in the public interest.
Upon being questioned by the Bar, Shah testified that he notified his clients of his suspension. Shah also stated that the had notified all adverse counsel “with the exception of one” who had somehow fallen “through the cracks.” Additionally, Shah asserts in his Response that he has “contacted the courts and notified each judge of said suspension.”
¶ 10. In its Answer, the Bar also seeks to include three specific cases which were not considered by this Court when the order of suspension was decided: (1) David Moore; (2) Lavorn Burnett; and (3) Patrick McAdory. Presiding Justice Michael D. Sullivan denied the Bar’s request to submit additional information concerning these three cases on July 26, 1999. Accordingly, these matters are not properly before this Court, and we decline to consider this additional information in making our decision.
REQUISITE LEGAL LEARNING
¶ 11. This Court’s suspension order required Shah to retake and pass the Multi-State Professional Responsibility portion of the bar exam. Shah complied with this requirement by taking and passing the exam on March 10, 2000.
HEALTH, MENTAL & EMOTIONAL STATUS
¶ 12. The Bar concedes that Shah appears to be mentally and emotionally stable, that he does not appear to be suffering from any medical problems, and that he is not taking any daily medications.
FUTURE PLANS
¶ 13. After Shah was suspended from the practice of law, he began working as a customer service manager for Wal-Mart. He receives an hourly wage, works approximately 36-37 hours per week, and brings home approximately $340 every two weeks. Shah also owns. Delta Cash, which is a cheek cashing business located in Clarksdale, Mississippi.
¶ 14. Shah further testified that, if reinstated to the practice of law in Mississippi, he intends to resume private practice and specialize in the area of criminal law. He further indicated that he has very little *203 interest, if any, in resuming bankruptcy work.
BAR POSITION
¶ 15. “The Bar does not take a position concerning Shah’s petition for reinstatement to membership in the Bar and the reissuance of his license to practice law in this State except as is required by Rule 12, Mississippi Rules of Discipline, and as ordered by the Court to take and pass the Multi-State Professional Responsibility portion of the bar exam.”

CONCLUSION

¶ 16. Shah carries the ultimate burden of proving his worthiness for reinstatement to the practice of law. Having reviewed Shah’s petition, the Bar’s Answer, and Shah’s response, we believe that Shah has met his burden and has satisfied the requirements of Rule 12 and the requirements for reinstatement as set forth by this Court. Therefore, Azki Shah’s petition for reinstatement to the practice of law in the State of Mississippi is granted.
¶ 17. PETITION FOR REINSTATEMENT TO THE PRACTICE OF LAW GRANTED.
PRATHER, C.J., PITTMAN AND BANKS, P.JJ., McRAE, WALLER, COBB AND DIAZ, JJ., CONCUR. SMITH, J., NOT PARTICIPATING.