RANDOLPH, Justice, for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. Pursuant to Mississippi Rule of Discipline 12, Gerald Baldwin, Jr. is before this Court seeking reinstatement to the practice of law. Baldwin was disbarred by this Court after he pleaded guilty in the Circuit Court of the First Judicial District of Hinds County to felonious possession of cocaine. See Miss. Bar v. Baldwin, 752 So.2d 996 (Miss.1999). Baldwin was sentenced to one year in the custody of the Mississippi Department of Corrections, fined $3,000 and assessed all costs. Baldwin also was ordered to attend an alcohol and drug treatment program as directed by the Mississippi Department of Corrections. See In Re Baldwin, 890 So.2d 56, 57 (Miss.2003).
¶2. In 2003, Baldwin applied to this Court for reinstatement. Baldwin’s petition was opposed by the Mississippi Bar (“Bar”), which argued Baldwin “has not provided clear and convincing evidence of his rehabilitation nor demonstrated a firm resolve to live a correct life.” Id. at 56. This Court agreed with the Bar and held,
After having reviewed the record and deposition testimony of Baldwin, we cannot say that the evidence presented supports a finding for reinstatement. Reinstatement is not proper as Baldwin has not shown himself to be of the requisite moral character, to have completed drug treatment, or to be [sic] have stable mental or emotional health. In fact, Baldwin’s apparent continued practice of law since his disbarment and the fact that he continues to hold himself out to the public as an attorney, would alone be enough under the circumstances to deny reinstatement. Accordingly, we hereby deny the petition of Gerald Keats Baldwin, Jr., for reinstatement to practice law.
Id. at 61.
¶3. Although Baldwin waited for one year as required by Mississippi Rule of Discipline 12.6 to re-file his petition, he has not complied with the additional requirements for reinstatement as otherwise set forth by Mississippi Rule of Discipline 12 and the precedent of this Court. In response to Baldwin’s petition, the Bar filed a motion to dismiss with prejudice. See In Re Coleman, 949 So.2d 680 (Miss.2006); In Re Parsons, 797 So.2d 203 (Miss.2000); In In Re Reinstatement of Underwood, 649 So.2d 825 (1995). In its motion, the Bar states Baldwin (a) failed to adequately address the requirements of Mississippi Rule of Discipline 12.7; (b) failed to show successful completion of the Mississippi Bar Exam and the Multi-State Professional Responsibility Exam as required by Mississippi Rule of Discipline 12.5; and (c) failed to submit the $500 investigatory fee *963 to the Bar as required by Mississippi Rule of Discipline 12.7.
STANDARD OF REVIEW
¶ 4. The standard of review for questions of attorney reinstatement is well-settled:
The Supreme Court of Mississippi (the Court) has exclusive and inherent jurisdiction of matters pertaining to attorney discipline, reinstatement, and appointment of receivers for suspended and disbarred attorneys. When reviewing disciplinary matters this Court reviews the evidence de novo, on a case-by-case basis sitting as triers of fact.
In re Smith, 758 So.2d 396, 397 (Miss.1999) (citations omitted).
¶ 5. Petitions for reinstatement of a disbarred attorney are governed by Mississippi Rules of Discipline 12.5, 12.6 and 12.7.
¶ 6. Mississippi Rule of Discipline 12. 5 holds:
Examination Requirements. Subsequent to the time of eligibility for reinstatement of an attorney suspended for six months or longer, the petitioning attorney shall take the Multi-State Professional Responsibility Exam, as prepared by the National Conference of Bar Examiners, and achieve a scaled score of not less than 80, if the Complaint Tribunal determines, on a case-by-case basis, that good cause exists to require the applicant for reinstatement to take such test. A disbarred attorney, prior to reinstatement, shall be required to take and pass the complete bar examination administered by the Mississippi Board of Bar Admissions and achieve the score then required for admission to the bar of new attorneys as well as passing the Multi-State Professional Responsibility Exam with the score required for admission of new lawyers.
¶ 7. Mississippi Rule of Discipline 12.6 holds:
Effect — Adverse Determination. If a petition for reinstatement is denied, no other petition shall be filed until one year after the date of the prior adverse decision.
¶ 8. Mississippi Rule of Discipline 12.7 holds:
Contents of Reinstatement Petitions— Jurisdictional Matters. All reinstatement petitions shall be addressed to the Court, shall state the cause or causes for suspension or disbarment, give the names and current addresses of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct, the making of full amends and restitution, the reasons justifying reinstatement, and requisite moral character and legal learning to be reinstated to the privilege of practicing law. Upon filing, the petition shall be served on, and an investigatory fee of $500.00 shall be paid to the Bar, same to be in addition to any other sum due the Bar, or persons injured by the petitioner’s improper conduct. The matters set out in this paragraph shall be jurisdictional.
ANALYSIS
¶ 9. Baldwin’s scant one-page Petition, containing only generic statements, is lacking both in content and substance, and fails to adequately address each of the requirements set forth in Mississippi Rules of Discipline 12.5,12.6 and 12.7.
¶ 10. Baldwin suggests that his participation in assisting with a Madison County golf tournament, his attendance at church and at his son’s football games satisfies the reasons justifying reinstatement and the requisite moral character prongs as set forth in Mississippi Rule of Discipline 12.7.
*964 ¶ 11. Baldwin has made no attempt to demonstrate he has met the requirement for requisite legal learning. Pursuant to Mississippi Rule of Discipline 12.5, as a disbarred attorney, Baldwin is required to take and pass both the Mississippi Bar Exam and the Multi-State Professional Responsibility Exam. Furthermore, Baldwin was instructed in Baldwin II that he should be “aware that if he is to be reinstated, reinstatement is contingent upon retaking and passing the Mississippi Bar and the Multi-State Professional Responsibility Exams.” Id. at 60. Baldwin provides no evidence he has complied with this requirement.
¶ 12. Additionally, in its Motion to Dismiss, the Bar has stated that Baldwin has failed to submit the investigatory fee of $500 to the Bar as required by Rule 12.7.
CONCLUSION
¶ 13. For the reasons stated herein, Baldwin’s petition for reinstatement to practice law is dismissed with prejudice.
¶ 14. GERALD K. BALDWIN, JR.’S PETITION FOR REINSTATEMENT TO THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI IS DISMISSED WITH PREJUDICE.
SMITH, C.J., WALLER AND DIAZ, P.JJ., EASLEY, CARLSON,
DICKINSON AND LAMAR JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY.