EN BANC.
WALLER, Presiding Justice,
for the Court.
¶ 1. This matter is before the Court on petition by Azki Shah for reinstatement to the practice of law. Miss. R. Disc. 12. After Shah filed his petition, the Mississippi Bar responded by filing a motion to *965 dismiss, with prejudice, arguing two grounds for dismissal: (1) Shah’s petition is premature under the Mississippi Rules of Discipline; and (2) Shah has not applied to take, nor has he taken, the Mississippi bar examination. Shah replied to the motion, arguing his disbarment became effective after the complaint tribunal suspended him for two years, and the Rules require him first to petition the Court for reinstatement prior to taking the bar examination. We find merit in the Bar’s motion in part, and it is hereby granted in part and denied in part. We dismiss Shah’s petition without prejudice to his right to file a reinstatement petition after April 19, 2010.
¶ 2. The complaint tribunal found Shah guilty of unprofessional conduct in 2004 and recommended suspending him from the practice of law for two years and ordering him to pay restitution. Shah v. Miss. Bar, 919 So.2d 59 (Miss.2005) (Shah II). Shah appealed to this Court, seeking to have a lesser punishment imposed. This Court ordered Shah disbarred “from the practice of law in the State of Mississippi from and after the date of the filing of this opinion and that he shall pay restitution to Colon Vaughn in the amount of $3,750.00.” Id. at 66. Shah later was suspended from the practice of law for three years by this Court. Shah v. Miss. Bar, 962 So.2d 514, 525 (Miss.2007) (Shah III X[1] Shah currently is serving both sentences.
¶ 3. According to Rule 12.1 of the Rules of Discipline, “petition for reinstatement shall not be filed until three (3) years after the date the order of disbarment became final.” Miss. R. Disc. 12.1. The date Shah’s disbarment became final was June 23, 2005, the date this Court filed, or published, its opinion. See Shah II, 919 So.2d at 66; M.R.A.P. 35A(a). The Court made it clear that Shah was disbarred from the practice of law “from and after the date of the filing” of its opinion. Id. Shah filed his petition for reinstatement on October 18, 2007, before the Rules of Discipline permit such petition. Therefore, his petition is premature.
¶ 4. Shah argues that the waiting period for petitioning this Court for reinstatement should run from the date of his suspension by the complaint tribunal: May 27, 2004. Shah’s argument lacks merit for three reasons. First, the complaint tribunal did not disbar Shah; it only suspended him, making Rule 12.1 inapplicable until this Court disbarred him. See Miss. R. Disc. 12.1, 12.2. Second, “An appeal shall operate as supersedeas except as to any judgment of disbarment or suspension entered under Rule 6 or 10. A person disbarred or suspended shall not be permitted to practice law until restored to that privilege by the Court by way of an appeal or petition for reinstatement.” Miss. R. Disc. 11(a). Shah’s suspension by the complaint tribunal in Shah II was not made under Rule 6 or Rule 10. When Shah appealed the judgment of the complaint tribunal, his appeal stayed the enforcement of the sentence passed by the complaint tribunal. Since the rules stayed the enforcement of the complaint tribunal’s judgment until this Court addressed Shah’s appeal, and this Court’s opinion specifically states the disbarment shall be enforced “from and after the date of the filing of this opinion,” the waiting period for Shah to petition the Court for reinstatement under Rule 12.1 began to run on June 23, 2005.
*966 ¶ 5. Third, in Shah III, this Court suspended Shah from the practice of law for three years on January 4, 2007. Shah cannot be readmitted to the practice of law until he serves this sentence. The sentence includes taking the Multi-State Professional Responsibility Examination before petitioning the Court for reinstatement, which Shah has not done. This suspension extends the waiting period for him to seek readmittance to the practice of law even further than the three years required by the rules for his disbarment in Shah II.
¶ 6. Shah argues that this Court’s opinion in In re Pace, 699 So.2d 593 (Miss. 1997), stands for the proposition that the date the complaint tribunal imposed its sentence serves as the effective date of his punishment. -We disagree. Pace is easily distinguished because Pace admitted the allegations made in the complaint and did not appeal the complaint tribunal’s punishment to this Court. See Miss. R. Disc. 10, 11(a). Nothing in the rules stayed the enforcement of the tribunal’s judgment, and Pace filed his petition for reinstatement well beyond the completion of his sentence. In re Pace, 699 So.2d at 595. Shah argues that his procedural and substantive rights to due process would be violated if this Court held his disbarment effective from the date of this Court’s judgment rather than the judgment of the complaint tribunal. See Goeldner v. Miss. Bar, 891 So.2d 130 (Miss.2004). This allegation is made generally, and we find that nothing about this procedure violated Shah’s due-process rights.
¶ 7. Therefore, we grant the Bar’s motion to dismiss Shah’s petition, but without prejudice to Shah’s ability to seek reinstatement in the future. According to our opinion in Shah II and the Mississippi Rules of Discipline, Shah could not petition this Court for reinstatement earlier than June 23, 2008. However, Shah subsequently was suspended from the practice of law for three years in Shah III. Though this opinion does not state its disposition with respect to Shah’s disbarment, we hold that they run concurrently where they overlap. Shah’s suspension in Shah III extends the period he is prohibited from petitioning this Court for reinstatement to April 19, 2010.[2] This date is three years after the mandate this Court issued in Shah III.[3] See M.R.A.P. 41(a) (mandate of Supreme Court shall issue seven days after entry of the order denying motion for rehearing). Any petition to have Shah reinstated to the practice of law filed on or before this date will be dismissed as premature.
¶8. Furthermore, any petition which does not provide proof that Shah satisfied the conditions precedent to his reinstatement under his suspension in Shah III will be dismissed, as this Court would lack jurisdiction. Miss. R. Disc. 12.7. The same is true for Shah’s disbarment in Shah II, which required Shah to make restitution to Colon Vaughn and pay all fees and costs to the Mississippi Bar. Finally, Shah need not take the bar examination prior to petitioning this Court for reinstatement, as this Court may grant *967 reinstatement conditioned upon the passage of the examination. Compare In re McGuire, 912 So.2d 902 (Miss.2005) (petition conditionally granted) with In re Baldwin, 890 So.2d 56, 61 (Miss.2003) (petition denied).
¶ 9. For these reasons, the Bar’s motion to dismiss is granted in part and denied in part. Shah’s petition and this proceeding are hereby dismissed without prejudice to Shah’s right to file a reinstatement petition after April 19, 2010.
¶ 10. PETITION FOR REINSTATEMENT TO THE PRACTICE OF LAW OF AZKI SHAH IN THE STATE OF MISSISSIPPI IS DISMISSED WITHOUT PREJUDICE.
SMITH, C.J., DIAZ. P.J., CARLSON, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR. EASLEY, J., CONCURS IN RESULT ONLY. GRAVES, J., NOT PARTICIPATING.

. See also The Miss. Bar v. Shah, 749 So.2d 1047 (Miss. 1999) (Shah I) (reciprocal discipline after Shah barred from practicing before U.S. Bankruptcy Courts; suspended from practice of law for six months), reinstated to practice of law, In re Shah, 797 So.2d 199 (Miss.2000).

. Shah, 962 So.2d at 514; Miss. R. Disc. 12.2 (petition for reinstatement from suspension longer than six months “shall not be permitted except upon proof that the conditions [precedent] have been met”), 12.4 ("A suspended attorney shall not file a petition for reinstatement until the expiration of the period of suspension. In cases of suspension of six months or longer pending satisfaction of conditions precedent,' the petition for reinstatement may be filed immediately upon the attorney's meeting these conditions.”); M.R.A.P. 41(a).

. The mandate in Shah III contains no specific effective date, unlike Shah II.