RANDOLPH, Justice,
 

 for the Court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. This matter is before the Court upon Azki Shah’s Petition for Reinstatement to the Practice of Law. In response, the Mississippi Bar (“the Bar”) has filed a Motion to Dismiss the Petition, averring that (a) Shah’s petition has been filed prematurely, and (b) that Shah has not complied with the conditions for reinstatement which were imposed by this Court when suspending Shah.
 

 ¶ 2. The Bar initiated a Formal Complaint against Shah, alleging he violated Mississippi Rules of Professional Conduct 1.2(a), 1.3, 1.4, 8.1(b) and 8.4(a). A hearing was held on the Formal Complaint, and the Complaint Tribunal found by clear and convincing evidence that Shah had violated Mississippi Rules of Professional Conduct 1.2(a), 1.3, 1.4, 8.1(a), 8.4(a) and 8.4(c). The Complaint Tribunal found that “due to Shah’s prior violations, pattern of misconduct, refusal to acknowledge the wrongful nature of his misconduct, his substantial experience in the practice of law and the fact that there were no mitigating factors,” that Shah should be immediately disbarred and pay all costs of the proceedings.
 
 Id.
 

 ¶ 3. Shah appealed the decision of the tribunal to this Court. The Court agreed with the tribunal’s findings that Shah violated Mississippi Rules of Professional Conduct 1.2(a), 1.3, 1.4, 8.1(a), 8.4(a) and 8.4(c). However, this Court ruled that the “leap between private reprimand and disbarment is too great.”
 
 Id.
 
 at 517. This Court suspended Shah from the practice of law for three years and ordered that “upon completion of this suspension, and preceding his application for reinstatement pursuant to M.R.D.12.2, Shah shall be required to take and pass the Multi-State Professional Responsibility Exam, consistent with the guidelines set forth in M.R.D. 12.5 ... [and] shall pay the costs of these proceedings.”
 
 Id.
 
 at 525.
 

 ¶ 4. Shah files his Petition for Reinstatement from the suspension issued on January 4, 2007.
 

 STANDARD OF REVIEW
 

 ¶ 5. “This Court has ‘exclusive and inherent jurisdiction of matters pertaining to attorney discipline [and] reinstatement. ...’” M.R.D. 1(a). This Court reviews “petitions for reinstatement de novo. We also sit as trier of fact and therefore are not bound by substantial evidence or manifest error rules.”
 
 In re Prisock, 5
 
 So.3d 319, 322, 2008 Miss. LEXIS 287, *8 (Miss. June 5, 2008) (citations omitted).
 

 
 *354
 
 ANALYSIS
 

 ¶ 6. Rule 12(a) of the Mississippi Rules of Discipline states that “[n]o person disbarred or suspended for a period of six months or longer shall be reinstated to the privilege of practicing law except upon petition to the Court.” The procedure for reinstatement, as set forth in Mississippi Rule of Discipline 12, is as follows:
 

 (12.2) Suspensions. A petition for reinstatement shall be required in all cases of suspension for a period of six months or more. In cases of suspension pending satisfaction of conditions precedent, reinstatement shall not be permitted except upon proof that the conditions have been met.
 

 (12.4) Suspensions-Time for Filing Petitions for Reinstatement. A suspended attorney shall not file a petition for reinstatement until the expiration of the period of suspension. In cases of suspension of six months or longer pending satisfaction of conditions precedent, the petition for reinstatement may be filed immediately upon the attorney’s meeting these conditions.
 

 (12.5) Examination Requirements. Subsequent to the time of eligibility for reinstatement of an attorney suspended for six months or longer, the petitioning attorney shall take the Multi-State Professional Responsibility Exam, as prepared by the National Conference of Bar Examiners, and achieve a scaled score of not less than 80, if the Complaint Tribunal determines, on a case-by-case basis, that good cause exists to require the applicant for reinstatement to take such test. A disbarred attorney, prior to reinstatement, shall be required to take and pass the complete bar examination administered by the Mississippi Board of Bar Admissions and achieve the score then required for admission to the bar of new attorneys as well as passing the Multi-State Professional Responsibility Exam with the score required for admission of new lawyers. (12.7) Contents of Reinstatement Petitions — Jurisdictional Matters. All reinstatement petitions shall be addressed to the Court, shall state the cause or causes for suspension or disbarment, give the names and current addresses of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct, the making of full amends and restitution, the reasons justifying reinstatement, and requisite moral character and legal learning to be reinstated to the privilege of practicing law. Upon filing, the petition shall be served on, and an investigatory fee of $ 500.00 shall be paid to the Bar, same to be in addition to any other sum due the Bar, or persons injured by the petitioner’s improper conduct. The matters set out in this paragraph shall be jurisdictional.
 

 ¶ 7. In his Petition, Shah asserts the following:
 

 a) That the client who filed the informal complaint against Shah was fully reimbursed before the client filed the complaint with the Bar.
 
 [1]
 

 b) That Shah has completed more than thirty hours of Continuing Legal Education.
 
 [2]
 

 c) That in his Petition for Reinstatement filed in his previous disciplinary case,
 
 In re Shah,
 
 987 So.2d 964, 2008 Miss. LEXIS 253 (May 22, 2008), Shah
 
 *355
 
 included a petition signed by more than sixty people who supported his reinstatement.
 

 d) That Shah paid the $500 investigatory fee required by the Bar in his previous cause,
 
 In re Shah,
 
 987 So.2d 964, 2008 Miss. LEXIS 258 (May 22, 2008), and that he should not be required to do so in this cause.
 

 e) That the Bar has been reimbursed $341.56, which were the costs of the proceedings.
 

 f) That this Court should consolidate this cause with the previous matter,
 
 In re Shah,
 
 987 So.2d 964, 2008 Miss. LEXIS 253 (May 22, 2008).
 
 [3]
 

 h) That this Court should require Shah to take only one exam, the complete Mississippi Bar Exam.
 

 ¶ 8. In its Motion to Dismiss Shah’s Petition, the Bar states that Shah should be allowed to petition for reinstatement on January 4, 2010, at the earliest. The Bar further contends that Shah has not complied with the requirements of Mississippi Rules of Discipline 12.2 or 12.5. The Bar requests that this Court dismiss Shah’s petition with prejudice.
 

 ¶ 9. It is clear from the limited record with which we are provided that Shah has, in fact, not complied with the requirements set forth by this Court in
 
 Shah,
 
 962 So.2d at 525, nor with the requirements of Mississippi Rules of Discipline 12.2 or 12.5.
 
 [4]
 

 ¶ 10. Additionally, the Bar is correct in its assertion that Shah has filed his petition prematurely pursuant to Mississippi Rule of Discipline 12.4. The opinion suspending Shah was issued on January 4, 2007, and rehearing was denied on April 19, 2007, effectively suspending Shah on April 26, 2007.
 
 [5]
 

 ¶ 11. Shah’s reinstatement was addressed in a recent opinion authored by Presiding Justice Waller, wherein Shah’s Petition for Reinstatement from a previous disbarment was dismissed without prejudice, as it was prematurely filed.
 
 See In Re Shah,
 
 987 So.2d 964, 965-66, 2008 WL 2140582 at **1-2, 2008 Miss. LEXIS at *6. That opinion additionally addressed Shah’s suspension in the case sub judice. The Court ruled:
 

 Shah’s suspension ... extends the period he is prohibited from petitioning this Court for reinstatement to April 19, 2010.... Any petition to have Shah reinstated to the practice of law filed on or before this date will be dismissed as premature.... Furthermore, any petition which does not provide proof that Shah satisfied the conditions precedent to his reinstatement under his suspension ... will be dismissed, as this Court would lack jurisdiction.
 

 Id.
 
 at 966-67, 2008 WL 2140582 at **2-3, 2008 Miss. LEXIS at 6-7.
 

 ¶ 12. Shah has prematurely filed this Petition for Reinstatement, and it is clear he has made no attempt to comply with Mississippi Rule of Discipline 12, nor with the mandate of this Court in
 
 Shah,
 
 962 So.2d at 525. Shah’s petition is hereby denied.
 
 See In re Petition ex rel. Baldwin,
 
 987 So.2d 961, 2008 Miss. LEXIS 256 (Miss. May 22, 2008).
 

 
 *356
 
 CONCLUSION
 

 ¶ 13. Shah’s Petition for Reinstatement to the Practice of Law is denied. Consistent with this Court’s opinions in
 
 Shah,
 
 962 So.2d at 525, and
 
 Shah,
 
 2008 WL 2140582 at **2-3, 2008 Miss. LEXIS at *7, Shah is prohibited from petitioning this Court for reinstatement until April 19, 2010. Shah may only petition for reinstatement after he submits proof of satisfaction of all conditions precedent pursuant to Mississippi Rule of Discipline 12.2 and after completion and passage of the Multi-State Professional Responsibility Exam pursuant to Mississippi Rule of Discipline 12.5.
 

 ¶ 14. SHAH’S PETITION FOR REINSTATEMENT TO THE PRACTICE OF LAW IS DENIED.
 

 SMITH, C.J., WALLER AND DIAZ, P.JJ., CARLSON, GRAVES, DICKINSON AND LAMAR, JJ., CONCUR. EASLEY, J., NOT PARTICIPATING.
 

 [1]
 

 . Shah produced no receipt or check which evidenced that his client was reimbursed.
 

 [2]
 

 . On September 8, 2008, Shah filed with this Court a supplement to his petition which stated he has completed 37.2 hours of continuing legal education.
 

 [3]
 

 . This request to consolidate was denied, and an opinion in this matter was issued by Presiding Justice Waller on May 22, 2008.
 
 See In Re Shah,
 
 987 So.2d 964, 2008 Miss. LEXIS 253 (May 22, 2008).
 

 [4]
 

 . On September 19, 2008, Shah filed with this Court a supplement showing proof he sat for the Multistate Professional Responsibility Examination. However, Shah did not achieve the scaled score required by Mississippi Rule of Discipline 12.5.
 

 [5]
 

 .Pursuant to Mississippi Rule of Appellate Procedure 41(a), the mandate of the Supreme Court shall issue seven days after entry of the order denying the motion for rehearing.