LAMAR, Justice,
for the Court:
¶ 1. Azki Shah has been disbarred since June 23, 2005, and became eligible for reinstatement after April 19, 2010. Shah applied for reinstatement on June 9, 2010, after obtaining the requisite score on the Multistate Professional Responsibility Examination and complying with the various conditions imposed by this Court and under Mississippi Rule of Discipline 12. The Mississippi Bar opposes Shah’s reinstatement based on his “failure to satisfy the moral character component for reinstatement and his failure to accept and articulate full responsibility for his misconduct.” We disagree with the Bar’s position and grant Shah’s petition for reinstatement conditioned upon his passage of the complete Mississippi Bar Examination administered by the Mississippi Board of Bar Admissions. Miss. R. Discipline 12.5.
FACTS & PROCEDURAL HISTORY
¶ 2. On June 23, 2005, this Court disbarred Shah after he failed to perfect an appeal on behalf of Colon Yaughn, a criminal defendant. Shah v. Mississippi Bar, 919 So.2d 59, 61 (Miss.2005) (Shah I). Vaughn had paid Shah $3,750 to prosecute his appeal. Id. at 61-62. Shah had retained the payment, but never had filed Vaughn’s appeal. Id. at 64. Shah then had lied to Vaughn about the status of the appeal. Id. at 64, 66. This Court found Shah had violated Rules of Discipline 1.1 (duty of competence), 1.15 (duty of loyalty, including preserving the client’s property, maintaining confidentiality, and avoiding conflicts), 1.3 and 1.4 (duty of diligence), and 8.4 (duty of candor). Id. at 65. We disbarred Shah based on his pattern of misconduct;[1] his failure to file Vaughn’s appeal and the serious deprivation that Vaughn had suffered as a result; his deception of Vaughn; and his deliberate eva *1276 siveness and lack of candor throughout the investigation process. Id. at 65-66.
¶ 3. Though already disbarred, Shah received additional sanctions on January 4, 2007. Shah v. Mississippi Bar, 962 So.2d 514, 519-20 (Miss.2007) (Shah II). The Court imposed a three-year suspension from the practice of law for misconduct that had occurred prior to Shah’s June 2005 disbarment. Id. In April 2002, Marcus Simmons had hired Shah to determine whether Simmons had valid title to certain real property. Id. at 519. Simmons had paid Shah an initial research fee, and later had paid Shah an additional amount to pursue the claim. Id. Shah first had informed Simmons that a court date had been set, but that Simmons’s presence was not required. Id. Shah later had told Simmons that a second court date had been set, and that Simmons needed to attend this particular hearing. Id. Simmons had arrived at the courthouse on said date, but had found no trace of Shah. Id. Simmons eventually had learned that Shah had never filed any case on his behalf. Id. This Court determined that Shah’s actions had violated Rules of Discipline 1.2(a) (duty regarding scope of representation), 1.3 and 1.4 (duty of diligence), 8.1(a) (duty in disciplinary matter not to make a knowingly false statement of material fact), 8.4(a) (duty not to violate or attempt to violate rules of professional conduct), and 8.4(c) (duty not to engage in conduct involving dishonesty, fraud, deceit or misrepresentation). Id. at 522. Consequently, the Court suspended Shah from the practice of law for three years. Id. Since Shah already had been disbarred, the effect of this three-year suspension was simply to extend the time before Shah could petition this Court for reinstatement. In re Petition for Reinstatement of Shah, 987 So.2d 964, 966 (Miss.2008).
¶ 4. Since 2007, Shah has filed two petitions for reinstatement. His first petition was dismissed without prejudice as premature. Id. at 964, 966. The second petition was denied both as premature and because Shah had not passed the Multistate Professional Responsibility Exam. In re Petition of Shah for Reinstatement, 5 So.3d 352, 355 (Miss.2008). In denying his second petition, this Court instructed that Shah could not petition for reinstatement until April 19, 2010. Id. at 356. We instructed that any petition on or after that date must be preceded by proof of a passing score on the Multistate Professional Responsibility Examination. Id.
DISCUSSION
¶ 5. This Court reserves “ ‘exclusive and inherent jurisdiction’ ” over attorney-reinstatement cases. In re Petition for Reinstatement of Morrison, 819 So.2d 1181, 1183 (Miss.2001) (quoting In re Petition of Smith for Reinstatement, 758 So.2d 396, 397 (Miss.1999)). These matters are reviewed de novo on a ease-by-case basis. Id. The fundamental issue in a reinstatement case is the “attorney’s rehabilitation in conduct and character since the disbarment.” In re Petition of Benson for Reinstatement, 890 So.2d 888, 890 (Miss.2004). The petitioner must demonstrate this by meeting the jurisdictional requirements of Rule 12, which are: (1) stating the cause or causes for suspension or disbarment, (2) providing the names and current addresses of all persons, parties, firms, or legal entities who suffered pecuniary loss due to improper conduct, (3) making full amends and restitution, (4) showing requisite moral character for the practice of law, and (5) demonstrating the requisite legal education. Id. This Court also will consider the Bar’s position as to reinstatement. Id.
I. Cause for disbarment and suspension
¶ 6. Shah acknowledges that his actions in the Vaughn and Simmons matters *1277 were the bases for his disbarment and suspension. His initial petition summarily discussed the Vaughn case, but it did not address the Simmons matter. Shah filed an amendment to his petition in which he discussed the Simmons matter. While Shah did not provide details regarding the facts of these matters, we find his description sufficient. We also note that he discussed both cases more thoroughly in his deposition with the Bar, which was submitted in this matter. We find that Shah has satisfied this requirement.
II. Full amends and restitution to anyone suffering pecuniary loss
¶ 7. Shah maintains that Vaughn and Simmons are the only two individuals who suffered pecuniary loss as a result of his actions. In Shah I, this Court ordered Shah to pay restitution to Vaughn in the amount of $8,750. Shah I, 919 So.2d at 66. Shah has submitted photocopies of twenty-one cashier’s checks made out to Vaughn’s mother, Jimmie Nell Vaughn, totaling $3,750. And in Shah II, the evidence supported that Simmons had paid Shah an initial, $165 research fee and a second, $365 fee to pursue the claim. Shah II, 962 So.2d at 522, 524. Shah submitted proof that he had refunded Simmons $375 in October 2003 (prior to the disciplinary complaint being filed), and that he had forwarded Simmons an additional $165 in June 2010. We find that Shah has made full amends and restitution.
III. Rehabilitation and requisite moral character
¶ 8. Since his disbarment, Shah has worked as a cook at the local Sonic Drive-In. From January 2005 to July 2009, Shah worked part-time at Sonic and full-time at Planter’s Service and Sales, a fertilizer plant. Shah estimated that he had worked ninety hours a week between the two jobs. He also briefly tried his hand at soybean farming in 2006, but abandoned that venture because of the arduous work schedule between Sonic and Planter’s. Shah also mentioned that he once owned a beauty-supply store, but said that he had to close the store within the past ten years. It is not clear whether this store closed before or after Shah’s disbarment. Shah stated that he has not engaged in any law-related work since his disbarment and suspension. He did, however, represent himself in a civil suit against the Farmers Home Administration (FHA).
¶ 9. The Bar argues that Shah offers no civic, church, or charitable involvement in support of his reinstatement, other than alumni donations to his alma mater, Amherst College. It also argues that Shah’s petition does not include any personal letters in support of his reinstatement. Letters of support, while laudable and relevant, are not necessarily disposi-tive of moral character and are not required by Mississippi Rule of Discipline 12. We also note that the Bar has not submitted any letters in opposition to Shah’s reinstatement. As noted by the dissent, Shah attached a petition in support of reinstatement signed by fifty-three citizens in the Eleventh Circuit District.
¶ 10. Shah acknowledged being aware that this Court ascribes value to participation in civic, church, or charitable activities, when weighing the merits of a petition for reinstatement. But Shah asserts that his nearly ninety-hour-a-week work schedule, between two jobs, left him no time to participate in these activities.
¶ 11. The Bar and the dissent focus on Shah’s actions which led to his disbarment and Shah’s disagreement with a few of the Court’s specific findings in Shah I and Shah 11. Rather than focusing on Shah’s conduct since his disbarment, they rehash his prior misdeeds, for which he has been punished. Furthermore, Shah’s disagreement was in response to the Bar’s ques *1278 tions during a deposition in this matter. His disagreement with a specific finding of fact does not detract from his agreement with our findings as a whole. Nor should it prevent his reinstatement.
¶ 12. Additionally, as a prerequisite to seeking reinstatement, Shah was required to obtain a passing score on the Multistate Professional Responsibility Examination. In re Petition of Shah for Reinstatement, 5 So.3d at 356. Shah attached to his petition a document from the National Conference of Bar Examiners showing that he had scored a 90 on the Multistate Professional Responsibility Examination, well above the required score of 80. Miss. R. Discipline 12.5.
¶ 13. Shah accepted responsibility and expressed remorse for his actions throughout his petitions and deposition. Shah submits that he has learned a valuable lesson over the past six years: that he cannot overextend himself. He insists that his main problem was that he tried to handle too many cases at one time. Shah asserts that, if reinstated, he will employ strict guidelines in the number and type of cases he will handle in the future. Shah plans to reopen his solo practice and to focus on bankruptcy and criminal cases. We find Shah has shown sufficiently that he is rehabilitated and has the requisite moral character to practice law in this State.
IV. Requisite legal education for reinstatement
¶ 14. In addition to taking and passing the Multistate Professional Responsibility Examination, Shah’s petition also includes five statements from the Mississippi Commission on Continuing Legal Education. These statements show that from 2006 to 2008, Shah acquired 48.9 credit hours of continuing legal education in the areas of bankruptcy and criminal law. Additionally, Shah asserts that he regularly reads published decisions from this Court and the Court of Appeals. Further, the issue of Shah’s requisite legal education will be tested by his taking the complete Mississippi Bar Examination as required by Mississippi Rule of Discipline 12.5.
CONCLUSION
¶ 15. We find Shah has met each jurisdictional requirement and condition imposed by this Court, and that he should be reinstated to practice law in Mississippi conditioned upon his passage of the complete Mississippi Bar Examination administered by the Mississippi Board of Bar Admissions, as required by Mississippi Rule of Discipline 12.5.
¶ 16. PETITION OF AZKI SHAH FOR REINSTATEMENT TO THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI IS GRANTED CONDITIONAL ON PASSAGE OF THE MISSISSIPPI BAR EXAMINATION.
CARLSON AND DICKINSON, P.JJ., KITCHENS, CHANDLER AND PIERCE JJ„ CONCUR. WALLER, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, J. KING, J., NOT PARTICIPATING.

. See id. at 65-66 for discussion of Shah’s complete disciplinary history.